### In re PARISH.

#### (District Court, N. D. Iowa, W. D.   May 22, 1903.)

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—SUFFICIENCY.

Bankr. Act July 1, 1898, § 14, 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427], provides that a discharge will be refused if the bankrupt has committed an offense punishable by imprisonment, as provided in the act. Section 29, 30 Stat. 554, c. 541 [U. S. Comp. St. 1901, p. 3433], provides for the punishment by imprisonment of a bankrupt who has knowingly and fraudulently concealed property. An objection to a petition for discharge was to the effect "that the bankrupt, in consideration of bankruptcy, had conveyed his real property by written assignment to strangers, for an inadequate consideration, for the purpose of defrauding his creditors; that said pretended conveyance is merely in trust, to be reconveyed as soon as his petition for discharge is granted." *Held* insufficient to bring the case within section 29.

2. SAME.

The specification should have stated the nature of the ground relied on, a description of the realty concealed from the trustee, the names of the persons holding the title, the time of the transfer, and any other facts necessary to identify the transaction.

3. SAME.

Under Bankr. Act July 1, 1898, § 70, 30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3451], all property of the bankrupt not exempt vests in the trustee as of the date of the adjudication in bankruptcy. A specification

in opposition to the discharge of a bankrupt was to the effect "that the bankrupt has, during the pendency of the proceedings, and is now, taking contracts for drainage, and has failed to make any accounting therefor, but conceals the same for the purpose of defrauding his creditors." *Held* that, as property acquired after the adjudication does not vest in the trustee, the facts recited did not constitute a defense to the petition for discharge.

Submitted on Exceptions to Objections Filed by Creditors in Opposition to Petition for Discharge.

F. F. Faville, for bankrupt.

J. E. Buland, for creditors.

SHIRAS, District Judge. The first ground of objection to the petition for discharge is to the effect "that the bankrupt, in consideration of bankruptcy, had conveyed his real property by written assignment to strangers, for an inadequate consideration, for the purpose of defrauding his creditors; that said pretended conveyance is merely in trust, to be reconveyed as soon as his petition for discharge is granted." As thus stated, the specification is faulty and insufficient. Under the provisions of sections 14 and 29 of the bankrupt act of July 1, 1898, 30 Stat. 550, 554, c. 541 [U. S. Comp. St. 1901, pp. 3427, 3433], a discharge will be refused if the bankrupt has knowingly and fraudulently concealed from his trustee any of the property belonging to his estate, or has made a false oath in relation to the proceedings in bankruptcy. If the creditors claim in this case that the bankrupt has fraudulently concealed, while a bankrupt, from his trustee, certain real estate owned by him, by putting the title in the name of a third party, or has made a false oath, by stating in his schedules that he had no realty, then the specifications should state the nature of the ground relied on, so as to bring the same within the provisions of section 29. Furthermore, the facts relied on must be stated with reasonable particularity. In this case the realty claimed to belong to the bankrupt, but by him concealed from his trustee, should be described, together with the names of the persons holding the title, the time of the transfer, and any other facts necessary to identify the transaction. Leave is granted to amend this specification as above indicated by the 10th day of June, 1903, one copy of the amendment to be filed in the clerk's office at Sioux City, and one copy to be filed with the referee of Buena Vista county. If the amendment is not filed as above directed, the referee will forthwith certify the papers pertaining to the application for discharge to the judge. If the amendment is filed, the referee will proceed to take the evidence adduced by the parties, if any, and, when completed, will certify same to the judge.

The second specification in opposition to the petition for discharge is to the effect "that the bankrupt has, during the pendency of the proceedings, and is now, taking contracts for drainage, and has failed to make any accounting therefor, but conceals the same for the purpose of defrauding his creditors." Under the provisions of section 70 of the act (30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) all property not exempt vests in the trustee as of the date of the adjudication.

Property acquired after the adjudication does not vest in the trustee. If a discharge is granted in this case, the money or property earned by the bankrupt after the date of the adjudication will belong to the bankrupt freed from the claims of the creditors which do not come within the classes not barred by a discharge. The title thereto does not vest in the trustee, and therefore the facts recited in the second specification do not constitute a defense to the petition for discharge, and this specification is, therefore, stricken from the record.