McCABE v. PATTON et al.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

No. 10.

BANKRUPTCY (§ 317*)—PROVABLE CLAIMS—STIPULATION IN NOTE FOR ATTORNEY'S FEES—"FIXED LIABILITY."

 The holders of notes given by a bankrupt, containing warrants of attorney and stipulations for the payment of attorney's fees for services rendered in the premises and collecting the same, took judgments on the notes, which were not due, a few days before the bankruptcy, after which they proved the notes in bankruptcy, together with claims for attorney's fees. *Held*, that under the law of Pennsylvania, by which such stipulations for attorney's fees are held not to create a "fixed liability" on the part of the debtor, but only a liability for reasonable fees for services rendered, not exceeding the amount stipulated, the creditors were not entitled to the allowance of the fees claimed; there being no proof of any collection service rendered which entitled them to indemnification.

 [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 317.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

In the matter of Joseph G. Beale, bankrupt. Appeal by Sydney J. McCabe, trustee, from an order allowing claims for attorney's fees to W. D. Patton, the Armstrong County Trust Company, the Farmers' National Bank, and the Merchants' National Bank, creditors. Reversed.

Harry B. Wassell, for appellant.

J. Claude Bedford, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the trustee in bankruptcy from an order of the District Court confirming a report

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the referee, wherein the referee had allowed certain attorney fees on judgments against Beale, the bankrupt. The facts of the case are as follows:

The Farmers' National Bank of Kittanning, Pa., and the other appellees, owned four notes, signed by Beale, containing warrants of attorney and stipulations for payment of attorney's fees for services in the premises and collecting the same. Two of the notes were payable on demand after date, and the other two were not due when, on February 17, 1908, without demand for payment, judgments were entered thereon against Beale in the common pleas court of Armstrong county for the debt, interest, and attorney's fees provided for in said notes. On February 22, 1908, and before the time notes were due, Beale was adjudged bankrupt. Thereafter the appellees presented claims for the amounts of their several debts, aggregating some $18,000, together with $900 attorney's commissions. The trustee objected to the allowance of the attorney's commission, which objection was overruled. The referee's action thereon having been approved, and his report confirmed, this appeal was taken.

It will be observed that objection is not taken to the allowance by the referee of the money represented by the notes, but is confined wholly to the appellees proving the attorney's fees on such notes in addition thereto. The claim thus made on the note must meet the requirements of being "a fixed liability as evidenced by * * * an instrument in writing absolutely owing at the time of the filing of the petition against him." Turning, therefore, to the question whether there existed a fixed liability on Beale to pay these commissions when the petition was filed against him, we are of opinion he was not, in view of the Pennsylvania decisions, which hold that such commissions on notes and mortgages are not fixed liabilities to the payee of a note, but are in the nature of penalties for his idemnification for expense of collection. The record in this case shows that the appellees based their claims on the notes they held and copies of which they filed as part of their claims. While the proof of claim refers to the fact that judgments were entered on these notes a few days before bankruptcy, yet no exemplifications of said judgments accompanied the proof or are now before us in the record. Looking, then, at the facts as disclosed by the record, we treat these as claims made on notes, which course is in accord with what was said in Boynton v. Ball, 121 U. S. 466, 7 Sup. Ct. 983, 30 L. Ed. 985:

"Notwithstanding the change in its form from that of a simple contract debt, or unliquidated claim, or whatever its character may have been, by merger into a judgment of a court of record, it still remains the same debt on which action was brought in the state court and the existence of which was provable in bankruptcy."

Without discussing the authorities at length, it suffices to say the Supreme Court in Daly v. Maitland, 88 Pa. 384, 32 Am. Rep. 457, in which Robinson v. Loomis, 51 Pa. 78, was reversed, held:

"The court, from practical knowledge of professional work, are able to say in every particular case what ought to be the compensation or rate of commissions for collecting a debt by suit. Whatever is stipulated beyond a reasonable

rate should be relieved against upon equitable principles. Certainly no certain commission can be determined upon to be applied to all cases."

This view was followed in Imler v. Imler, 94 Pa. 374, where it was said:

"The obvious intention in this and like stipulations in instruments for the payment of money is that the creditor shall be indemnified for his reasonable expense of counsel fees in collecting the money; that is to say, where it becomes necessary to employ counsel to collect the money, the debtor shall be subjected to the expense thereof not exceeding the agreed limit. It was never intended, nor can we permit such a clause to be used, to compel a debtor to pay attorney's commissions where the latter does not dispute the claim and pays at maturity. In such cases there is no necessity for the intervention of an attorney. Where, however, an attorney has been employed in good faith by reason of the neglect or refusal of the defendant to pay, the fact that the money has been paid to the attorney without execution does not relieve the defendant from his agreement to pay reasonable attorney's commissions, for the reason that the creditor's liability to the attorney has attached."

Applying these principles to the case before us, we are of opinion the case must be reversed. The claimants offered no proof of any collection service rendered before the date of the bankruptcy which entitled them to indemnification, and the referee, therefore, had proof of no such fixed liability in reference to these commissions as warranted their participation in the bankrupt's estate.