In re JENKINS.

(District Court, W. D. South Carolina. January 9, 1912.)

Bankruptcy (§ 482*)—Notes—Attorney's Fees.

　　A bankrupt was indebted to a bank on three notes secured by two chattel mortgages, two of the notes providing that if any part of the debt was collected through an attorney, by suit or otherwise, the maker would pay 10 per cent. additional on principal and interest as attorney's fees, and the other that if the note was paid into the hands of an attorney for collection, by suit or otherwise, on default of payment, then the maker would pay 10 per cent. additional as attorney's fees. Each of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the mortgages contained a provision for foreclosure on five days' notice after default, and that the proceeds, after deducting the costs and expenses, interest, and attorney's fees, should be turned over to the maker. The notes were placed in the hands of an attorney before they matured, but no action was taken by the attorney thereon, and on the maker being adjudged a bankrupt, the trustee sold the goods covered by the mortgages, collected the securities also held as collateral, and paid the notes in full. Notice of contest was filed as to two of the notes as to whether they should stand as priority claims, in which the attorneys for the bank and the attorney for the trustee rendered certain services, when the contest was withdrawn. *Held*, that the notes not having been collected after maturity through an attorney, by suit or otherwise, no attorney's fees were allowable under the stipulations contained therein.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

In the matter of bankruptcy proceedings of J. H. Jenkins, doing business as the Sharon Supply Company. On application to review an order of the referee allowing attorney's fees as a prior claim on the proceeds of two chattel mortgages securing certain notes presented by the First National Bank of Sharon. Affirmed in part, and reversed in part.

Thos. F. McDow, for trustee of bankrupt estate.
W. M. Dunlap, for First Nat. Bank of Sharon.

SMITH, District Judge. This matter comes up upon an application to review an order of the referee in bankruptcy allowing attorney's fees as a prior claim on the proceeds of two chattel mortgages securing certain notes presented by the First National Bank of Sharon. It appears that the bankrupt prior to his bankruptcy gave to the Bank of Sharon three notes, viz.:

One for $600.00 dated March, 25, 1910, maturing November 15, 1910.
One for $400.00 dated April 19, 1910, maturing November 1, 1910.
One for $673.92 dated May 27, 1910, maturing November 1, 1910.

The first note as mentioned was secured by a chattel mortgage on the bankrupt's stock of goods, dated 25th of March, 1910, and the two other notes by a chattel mortgage dated 21st of May, 1910, on the same stock of goods. The notes for $600 and $400 were, in addition, secured by certain collateral securities. The notes for $600 and $400 each contained the following clause:

"And it is hereby especially agreed that if said debt or any part thereof is collected through an attorney by suit or otherwise, the undersigned agrees to pay ten per cent. additional on the principal and interest then due as attorney's fees."

The note for $673.92 contained the following clause:

"And in case this note is put in the hands of an attorney for collection by suit or otherwise upon default of payment thereof, then the undersigned shall pay to the owner of this note 10 per cent. in addition to cover the fees and commissions of said attorney."

Each of the mortgages contained the provision that if the bankrupt—

"fail to pay said note at maturity, or, before its maturity, the said property or any part thereof be removed from the place where it now is or shall be

disposed of, wasted, abused or neglected, then in either event the said First National Bank of Sharon, S. C., or its agent shall have the right to seize said property and sell the same or so much thereof as may be necessary at public auction for cash after first giving 5 days' notice of the time and place of such sale by posting the same in two or more public places and apply the proceeds after deducting the costs and expenses of such seizure and sale to the discharge of said debt, interest and attorney's fees."

These notes, it appears, were put into the hands of its attorney by the Bank of Sharon about a week prior to the adjudication in bankruptcy of the bankrupt in this case, but the notes not having matured, no action was taken by the attorney in whose possession the notes were. The adjudication in bankruptcy was made 11th of June, 1910. After the adjudication in bankruptcy the trustee, who was the president of the Bank of Sharon, sold out the stock of goods covered by these mortgages, collected the securities held as collateral to the two notes mentioned, and paid the notes in full. The bank, the mortgagee, never took possession of the stock of goods, never foreclosed its mortgage by any action of its own, or took any step beyond placing its notes in the hands of its attorney, and receiving payment in full of the mortgages from the trustee. No contest was made by the trustee as to the $673.92 note, but he filed notice of contest as to the $600 note and the $400 note, and testimony was taken before the referee with a view of determining whether these two notes should be allowed to stand as priority claims, or whether they should be relegated to the class of simple creditors, and the bank's attorneys as well as the attorney for the trustee attended these references. The contest as to these notes was then withdrawn, and the notes recognized and paid as prior claims out of the proceeds of the securities including the chattel mortgages, but the withdrawal took place only after the action taken by the attorneys of the bank as a result of the contests made.

In the case of In re Edens Co. (D. C.) 151 Fed. 940, it was decided by the then presiding judge of this court that where a note contained an agreement that if it was placed in the hands of an attorney for collection the maker would pay 10 per cent. as attorney's fees in addition to the principal and interest, and the note actually matured and was placed in the hands of an attorney for collection prior to the institution of the bankruptcy proceedings, that the holder of the note was entitled to prove for this additional 10 per cent.; but that where the note did not mature until subsequent to the institution of the bankruptcy proceedings, the holder of the note could not prove for this additional 10 per cent. This decision would be conclusive of the present case, as the notes now in question did not mature until long subsequent to the institution of the bankruptcy proceedings, except for the fact that it appears in the present case that although the notes did not mature until subsequent to the institution of the bankruptcy proceedings, yet by reason of the contest made against the claim that two of these notes were entitled to the benefit of the mortgage security, the holder of the notes in the present case was obliged to avail itself of the services of attorneys in the contest in the bankruptcy court to sustain the validity of the mortgage securing these notes. The evident intention of the notes being, it is claimed by the Bank of Sharon,

to indemnify the holder against any expense in the collection of his debt, therefore it is entitled to prove for the attorney fee by reason of those expenses incurred, due to the contest instituted by the trustee, although the services were not rendered until subsequent to the adjudication in bankruptcy.

This claim, although meritorious, would not avail to render the debt a provable one unless it is permitted under the terms of the bankrupt act. In Re Garlington, 115 Fed. 999, the District Court for the Northern District of Texas held that under the terms of section 63a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 562 [U.S. Comp. St. 1901, p. 3447]) attorney's fees stipulated for in a note in case it should be placed in the hands of an attorney for collection, cannot be proved as a part of the debt where the note had not matured at the time of the filing of the petition in bankruptcy—this upon the ground that under the terms of the bankrupt act this attorney's fee was not "absolutely owing" at the time of the filing of the petition.

In Merchants' Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374, the Circuit Court of Appeals for the Fifth circuit held that where a note contained an agreement that if the note was placed in the hands of an attorney for collection the maker would pay the holder an attorney's fee of 10 per cent. upon the amount due; that the holder of the note was entitled to prove for the amount due on the same, including the attorney's fee of 10 per cent. An examination of the case shows, however, that that decision was made in a case in which all the notes appear to have matured anterior to the institution of the proceedings in bankruptcy. In the case of In re Keeton Stell & Co., 126 Fed. 426, the District Court for the Western District of Texas ruled that where a note provided for a collection fee of 10 per cent. if suit was brought thereon, or if it was placed in the hands of an attorney for collection, it was not provable for this additional 10 per cent. as a claim against the bankrupt estate where the note was not actually placed in the hands of an attorney until after the institution of the bankruptcy proceedings, although it was due prior to such institution. The court placed its decision upon the ground that the claim for attorney's fees was not "absolutely owing" at the time of the filing of the petition in bankruptcy, and distinguishes the case from the case of the Merchants' Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374, as it appeared in that case that the notes therein involved had been placed in the hands of an attorney who had performed services in endeavoring to collect them prior to the institution of the bankruptcy proceedings. In the case of In re Gebbard, 140 Fed. 571, the District Court for the Middle District of Pennsylvania held that a stipulation for a collection fee in a note was not provable in bankruptcy against the estate of the debtor when no attorney was in fact employed by the creditor until after the bankruptcy. The court placed it upon the ground that by the local law of Pennsylvania this provision for a collection fee is construed to be one of indemnity, and therefore unless services were actually performed prior to the intervention of bankruptcy there was no debt owing which could be proved against the bankrupt estate. So in the case of McCabe v. Patton, 174 Fed.

217, 98 C. C. A. 225, the Circuit Court of Appeals of the Third Circuit held that where the notes contained stipulations for the payment of attorney's fees in collecting the same, and the holders before the notes were due took judgments on the notes a few days before the bankruptcy, and thereafter proved the debts in bankruptcy, including attorney's fees, they were not entitled to recover the fixed amount stipulated in the notes for attorney's fees. The court appears to have based that conclusion upon the ground that by the law of Pennsylvania this stipulation for attorney's fees is a stipulation that the creditor should be indemnified for his reasonable expense for counsel fees in collecting the money not exceeding the agreed limit; that the clause cannot be used to compel the debtor to pay attorney's commissions where the latter does not dispute the claim and pays at maturity, but where an attorney had been employed in good faith by reason of the neglect or refusal of the maker to pay, the maker is bound to pay reasonable attorney's commissions.

In the case at bar the referee allowed the 10 per cent. on the notes for $600 and $400, on the ground that a contest had been made by the trustee as to these notes, and that the bank had been obliged to use the actual services of attorneys to defeat this contest, and was therefore entitled to the allowance. The referee disallowed the 10 per cent. as to the note for $673.92, because no contest was ever made with regard thereto. The attorneys for the bank base their claim for attorney's fees upon all the notes upon the stipulations both as contained in the notes, and as contained in the mortgages. So far as the mortgages are concerned, the stipulations therein contained do not entitle the bank to prove for these attorney's fees of 10 per cent. on the amount due on any of these notes. The stipulations contained in the mortgages apply to the charge of attorney's fees (for which no sum is limited in the mortgage, and would therefore be only *reasonable* attorney's fees), but only if the mortgagee should incur expense in enforcing the security by seizure and sale as provided in the mortgage. As no such action was taken by the Bank of Sharon, the mortgagee herein, it would not under the terms of the mortgages taken alone be entitled to prove for this additional 10 per cent. on any note, or for any fees as due under the mortgages.

With regard to the note for $673.92, it appears by the terms of the contract contained in the note itself, that the right to recover the 10 per cent. accrued only where the note should be put in the hands of an attorney for collection by suit or otherwise upon default of payment thereof. As the note did not mature until subsequent to the adjudication in bankruptcy, and was thereafter paid in full without contest, and was not put in the hands of an attorney upon default in payment, the bank would not under the terms of the note be entitled to prove for this additional 10 per cent. In the case of the other two notes, the note for $600 and the note for $400, however, the stipulation is that if said debt or any part thereof is collected through an attorney by suit or otherwise, this 10 per cent. additional is to be paid as attorney's fees. These two notes in the present case have certainly not been collected through an attorney by suit. No

suit was ever instituted by any attorney on the notes. The stipulation, however, is that the 10 per cent. is to be added if the note is collected by suit or otherwise, and the evidence is that in order to maintain the validity of the mortgage so as these notes would be paid by the trustee in bankruptcy, in priority to other claims, the bank was compelled to employ the services of its attorneys to sustain, not the notes, but the mortgage. There was not any contest made as to the right of the bank to prove these notes as simple contract debts, but only as to the right of the mortgage securing these notes to be held a good and valid prior mortgage upon the mortgaged property. There was no contest as to the notes, but only as to the mortgage. The mortgage itself contains no clause showing that the note itself called for the payment of anything but the face amount of the note, and does not show that the note included an additional 10 per cent. to be allowed as attorney's fees. It might well be, therefore, that while the bank was entitled to recover payment in full of the notes out of the proceeds of the mortgaged property, it might not as against subsequent creditors be entitled to recover the additional 10 per cent. but for that amount it might only be entitled to prove as a general creditor. Apart from this, priority to one creditor over another will not be given in the administration of a bankrupt estate unless the right to such priority be clear, and such does not appear under the wording of the contracts and the facts of this case.

In accordance with this opinion a decree will be entered that the First National Bank of Sharon is not entitled to have this additional 10 per cent. either paid out of the proceeds of the mortgaged property, or to prove for it against the general estate of the bankrupt, and affirming the order of the referee as to so much as disallows this 10 per cent. upon the note for $673.92; reversing it as to so much as allows attorney's fees upon the notes for $400 and $600.