BRITISH & AMERICAN MORTGAGE CO., Limited, v. STUART.

In re VANDIVER.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1914. On Petition for Rehearing, January 28, 1914.)

No. 2,538.

1. MORTGAGES (§ 125*)—PROVISION FOR ATTORNEY'S FEE—VALIDITY AND CONSTRUCTION.

A provision in a mortgage for the payment of attorney's fees and making the mortgage a lien therefor, where recognized as valid by the law of the state, is enforceable to the extent of a reasonable fee for services

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

actually rendered; but, until the debt becomes due and the services of the attorney are rendered, no debt exists on account of such stipulation to be added to the amount of the note or mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 211½, 244, 245; Dec. Dig. § 125.*]

2. BANKRUPTCY (§ 318*)—PROVABLE DEBTS—ATTORNEY'S FEES UNDER STIPULATION IN MORTGAGE.

Under Bankr. Act July 1, 1898, c. 541, § 63a(1), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), which limits provable debts to such as are "a fixed liability absolutely owing at the time of the filing of the petition," a claim for attorney's fees under a stipulation in a mortgage for the payment of such fees for the collection of the debt secured by foreclosure or otherwise cannot be allowed against or paid from the bankrupt's estate, where the mortgage debt was not due at the time of the filing of the petition in bankruptcy, and where no services were rendered by the attorney before the filing of the petition in bankruptcy; and the fact that it is sought to prove the claim only against the proceeds of the mortgaged property, sold by the trustee free from the lien, does not exempt it from the operation of such provision.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

Petition to Superintend and Revise Proceeding of the District Court of the United States for the Middle District of Alabama; Thomas G. Jones, Judge.

In the matter of Henry F. Vandiver, bankrupt. Petition by British & American Mortgage Company, Limited, to revise an order disallowing a claim for attorney's fees claimed under a mortgage. Affirmed. Petition for rehearing denied.

Wm. S. Thorington, of Montgomery, Ala. (Jack Thorington, of Montgomery, Ala., on the brief), for petitioner.

Robert E. Steiner and Leon Weil, both of Montgomery, Ala., for respondent.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The petitioner had a mortgage on the bankrupt's real estate, which contains the following stipulations as to attorney's fees:

"That the parties of the first part hereby agree to pay the attorney's fees, and all other expenses which may be incurred by the said mortgagee, its successors or assigns, in the collection of, or in attempting to collect the several sums, herein secured, by a foreclosure of the mortgage, or otherwise, or for enforcing or attempting to enforce any of the terms or provisions hereof, with or without suit, for the payment of which this conveyance is a lien, including solicitor's fees for a foreclosure by suit in equity, and this mortgage shall stand as security for the same, and it shall be no defense as to such solicitor's fees, or other costs, fees, or expenses for a foreclosure in equity, that a foreclosure might have been made under any power herein, the course of procedure being optional with the holder, and it being the purpose and intent hereof to secure such holder in the collecting of principal and interest—hereby secured—net of everything."

The controversy here is as to a claim for attorney's fees based on the foregoing agreement.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After the adjudication in bankruptcy, George Stuart, the trustee of the bankrupt, filed a petition in the District Court to sell the land described in the mortgage, free of liens, and the mortgagee, petitioner here, was made a party to the proceeding. It filed an answer, and also filed proof of the mortgage debt and proof of the attorney's fees for services rendered in and connected with said proceedings "according to stipulations in the mortgage"; but the services were all rendered after the filing of the petition in bankruptcy. No question is made as to the rendition of the services, nor of the fact that they were fairly worth $250, the amount claimed. The referee allowed the mortgage debt as proved, but disallowed the claim for attorney's fees, and the District Court confirmed the referee's order. The petitioner seeks to revise and reverse the order disallowing the attorney's fees.

[1] For a clear understanding of the question to be considered later, it is first necessary to ascertain the effect and proper construction of stipulations in notes and mortgages to pay attorney's fees for their enforcement and collection. Such stipulations are generally held to be valid, and they are sustained in Alabama, where the mortgaged land is situated. Munter & Faber v. Linn, 61 Ala. 492. The agreement here is for no fixed sum; but such an agreement, if made for a definite sum, would not be conclusive as to the amount on the parties. It could only be enforced for such an amount as was reasonable. Unless the services, or some of the services, covered by the stipulation, are performed, there can be no collection or enforcement of such contract. It follows that the obligation to reimburse the mortgagee or payee for costs of enforcement or collection is contingent, creating no liability unless the services provided for are performed or partly performed. If the debt is paid promptly at maturity, no services of an attorney being required or rendered, no attorney's fees can be added to the amount of the note or mortgage. The creditor would not be permitted to make a profit by collecting fees he did not have to pay. Until the claim becomes due and the services of the attorney are rendered, no debt exists, on account of such stipulation, to be added to the amount of the note or mortgage. Springstead et al. v. Crawfordsville State Bank, 34 Sup. Ct. 195, 231 U. S. 541, 58 L. Ed. —— (decided December 22, 1913); Williams v. Flowers, 90 Ala. 136, 137, 7 South. 439, 24 Am. St. Rep. 772; McCabe v. Patton, 174 Fed. 217, 98 C. C. A. 225.

The stipulation which we have copied from the mortgage names no sum which was to be paid as attorney's fees. It fixes no time of payment. The payment is to be made for attorney's fees "incurred by the said mortgagee * * * in the collection of, or in attempting to collect, the several sums," etc. It is obvious that it was not in the contemplation of the parties that an attorney would be employed to collect or attempt to collect the mortgage debt before it was due. When the mortgage became due, without the aid of attorneys and without expense, so far as it appears, the debt was extended for four years—a period not yet expired. So it cannot be that any debt on such account was due and "absolutely owing" at the date of bankruptcy, according to the terms of the contract.

The petition in bankruptcy was filed against Vandiver by his creditors on September 19, 1912, and he was adjudicated a bankrupt on October 10, 1912. Up to that time nothing had occurred which would authorize the addition of any sum to the amount of the mortgage on account of attorney's fees; the mortgagee had not been required, nor had anything happened to authorize him, to employ and compensate an attorney and add the fees to the amount of the mortgage.

So we have the important if not the controlling facts shown by the record that, at the date of the filing of the petition in bankruptcy, no debt for attorney's fees existed; and, the mortgage not being due, the time had not arrived when such debt could have been created.

[2] The bankruptcy act designates the debts which may be proved against a bankrupt's estate. The claim presented here is one "evidenced * * * by an instrument in writing," and, if provable, it must be under section 63a, the relevant part of which is as follows:

"Debts Which May Be Proved.—(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest. * * *" Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]) § 63a.

The limitation is to claims "absolutely owing at the time of the filing of the petition against him." For accuracy and uniformity of administration, some time had to be fixed. The language used excludes the idea that debts may be proved which did not exist and which the bankrupt did not owe at the time fixed—the date of the filing of the petition. Subdivision 5 of the same section forbids the proving of interest which accrues on judgments "after the filing of the petition." When a discharge is granted, it only discharges provable debts, and "none postdating the petition in bankruptcy are affected by the discharge." Collier on Bankruptcy (8th Ed.) 312; section 17, Bankruptcy Act. The property owned by the bankrupt at the date of bankruptcy vests in the trustee, but property acquired after the adjudication does not pass to the trustee. Section 70, Bankruptcy Act; In re Parish (D. C.) 122 Fed. 553. The date of the filing of the petition is all-important in setting the time at which the bankrupt's condition becomes fixed in relation to debts provable against his estate. This is shown pointedly by a class of cases relating to court costs. Where part of such costs are incurred before the filing of the petition and part afterwards, the part incurred before the filing is provable against the estate and dischargeable, and the part incurred afterwards is not provable or dischargeable. 1 Remington on Bankruptcy, § 692.

In McCabe v. Patton, 174 Fed. 217, 98 C. C. A. 225, the question was on the allowance of attorney's fee provided for in the notes. The court held that, to be allowed, it must meet the requirements of being "a fixed liability as evidenced by * * * an instrument in writing absolutely owing at the time of the filing of the petition against him." The claim was rejected for want of proof of the rendition of collection

services before the date of bankruptcy. In Re Gebhard (D. C.) 140 Fed. 571, the attorney's fee was rejected because no attorney was, in fact, employed by the creditor "until after the bankruptcy." In Re Garlington (D. C.) 115 Fed. 999, the attorney's fees were rejected because the note had not matured at the time of the bankruptcy. And in Re Keeton, Stell & Co. (D. C.) 126 Fed. 426, the note had become due, but had not been placed in the hands of an attorney prior to the filing of the petition in bankruptcy, and the fees were disallowed. In Re Jenkins (D. C.) 192 Fed. 1000, a provision was placed in chattel mortgages for attorney's fees, and the mortgages were placed in the hands of an attorney, but no services were performed by him; and, subsequently, on the bankruptcy of the mortgagor, his trustee sold the property, and the question arose as to the proof of the atttorney's fees as a debt against the bankrupt's estate. The claim was disallowed. See, also, In re Roche, 101 Fed. 956, 42 C. C. A. 115. The rule that the fees, to be provable, must have accrued before the filing of the petition, seems to be generally recognized. Collier on Bankruptcy (8th Ed.) 708; 1 Remington on Bankruptcy, §§ 670, 671; 1 Loveland on Bankruptcy, 619, § 300.

In Merchants' Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374, decided by this court, and cited by the petitioner, in which attorney's fees provided for by notes were allowed to be proved, the notes had been placed in the hands of an attorney and he had performed services before the bankruptcy. The case in that regard was wholly unlike the instant case.

Although not due, the mortgage was a provable debt, with the rebate of interest prescribed by section 63a.

But the petitioner was not obliged to prove his mortgage as a debt against the bankrupt's estate. 1 Jones on Mortgages (6th Ed.) § 729. The discharge of the bankrupt would not have affected his right to enforce his mortgage when it became due (In re Blumberg [D. C.] 94 Fed. 476; Bank of Commerce v. Elliott, 6 Am. Bankr. Rep. 409, 109 Wis. 648, 85 N. W. 417; Paxton v. Scott, 10 Am. Bankr. Rep. 80, 66 Neb. 385, 92 N. W. 611; 2 Jones on Mortgages [6th Ed.] § 1236); and if, on its becoming due, he was required to resort to suit, it may be that the amount of his attorney's fees would be a proper claim to add to the amount of the mortgage. But that is far from allowing the mortgage debt to be proved, with abatement of interest, before it is due, with the addition of attorney's fees which, under the circumstances, could not have been within the contemplation of the parties when the contract was made and which were not absolutely owing at the date of bankruptcy.

In Riggin v. Magwire, 15 Wall. 549, 21 L. Ed. 232, it was held that, although the fifth section of the Bankruptcy Act of 1841 gave the right to prove "uncertain and contingent demands," so long as it remains wholly uncertain whether a contract or engagement will ever give rise to an actual duty or liability and there is no means of removing the uncertainty by calculation, such contract or engagement is not provable under the act. The same construction is placed on the present act.

Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084. So it seems clear that the agreement as to attorney's fees, on its face and at the date of bankruptcy, was not provable as a claim against the bankrupt estate.

After the date of the filing of the petition, the bankrupt cannot add to the liabilities of his estate. He may create personal liabilities which are not affected by the bankruptcy proceedings and against which his discharge, when obtained, will not protect him. It may be conceded (but we do not so decide) that, although the mortgage was not due, the proceedings to sell, free of liens, in the District Court were equivalent to foreclosure, and that the mortgagee, being called into the litigation, was necessarily required to employ an attorney, and that such employment would be embraced within the clause of the mortgage relating to attorney's fees, and all this would only show an indebtedness or liability accruing after the filing of the petition in bankruptcy; and, whether considered as a secured or an unsecured claim, it was one not provable nor dischargeable under the provisions of the bankruptcy act. In re Burka (D. C.) 104 Fed. 326.

The petition to revise is denied, and the decree is
Affirmed.

## On Petition for Rehearing.

The application for a rehearing is based chiefly on the proposition that the petitioner is not attempting to prove his claim for attorney's fees against the bankrupt's estate, but is only undertaking to prove it against a special fund pledged for the purpose of paying it. The petition, however, recites that the petitioner "filed proof of its mortgage debt as a secured claim against said bankrupt and his estate, including principal and interest, and attorney's fees according to stipulations in said mortgage. * * *" The trustee contested the proof of the claim as to attorney's fees. The proof of the claim so offered and the objections to it made the issue which was tried in the lower court.

The case is one controlled by the bankruptcy act. Sections 57e and 57h provide that secured claims may be proved, "but shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities or priorities." This provision should not be construed to conflict with section 63a, which prevents the proof of a claim which accrued after bankruptcy. We find no provision permitting the proof of a secured or an unsecured claim which accrued after bankruptcy.

When a secured claim is proved, the part of it that is not satisfied by the security stands like any other unsecured claim and is entitled to dividends. Collier on Bankruptcy (8th Ed.) 595. This fact, it seems to us, shows that a secured claim, which accrued subsequent to the filing of the petition in bankruptcy, cannot be proved as a claim against the bankrupt's estate without conflicting with section 63a, quoted in our opinion. If the claim were entitled to be proved as proposed, if the security was insufficient to pay the debt (as might often be the case), the part left unpaid, although accruing subsequent to bankruptcy, would be placed on a level with claims which accrued before the filing

of the petition and be entitled to dividends. This result, in our opinion, would be in conflict with the provisions of the act.

The rehearing is

Denied.