## In re GIMBEL.

## HOFFECKER v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1923.)

### No. 4152.

1. **Bankruptcy ⬅262(3)—Existence of liens does not deprive court of power to administer property.**

The existence of liens on property of a bankrupt which comes into possession of the bankruptcy court is not an obstacle to the exercise by that court of its power to administer that property, and it may bring before it parties asserting liens on the property, and may order its sale free of liens, where there is a fair prospect that it will sell for more than the liens, and pay such liens as are established from the proceeds.

2. **Bankruptcy ⬅262(1)—Court has power to determine mode of sale of mortgaged property.**

A mortgagee of property which has passed into possession of the bankruptcy court cannot insist that it be sold under the power contained in the mortgage.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Bankruptcy ⬡⟹267, 316(2)—Attorney's fee held not a "fixed liability absolutely owing," payable from bankrupt's estate, or proceeds of sale of mortgaged property.**

Where none of the notes secured by mortgage on property of bankrupt were due at the time of bankruptcy, an attorney's fee stipulated for therein in case they were placed in the hands of an attorney for collection is not a "fixed liability absolutely owing," provable against the estate, under Bankruptcy Act, § 63a (Comp. St. § 9647), nor is it payable from the proceeds of the mortgaged property, when sold by the trustee.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Fixed Liability.]

Petition to Superintend and Revise Order of the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of Christian Henry Gimbel, bankrupt; Breedlove Smith, trustee. Petition by L. W. Hoffecker to revise order of District Court. Order affirmed.

J. G. McGrady, of El Paso, Tex. (Lea, McGrady, Thomason & Edwards, of El Paso, Tex., on the brief), for petitioner.

Volney M. Brown, of El Paso, Tex. (J. M. Goggin, F. E. Hunter, and Volney M. Brown, all of El Paso, Tex., on the brief), for respondent.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. Upon the adjudication of bankruptcy in September, 1921, the trustee took possession of described lots of land in El Paso, which were owned by the bankrupt, subject to a deed of trust executed by him in January, 1921, to secure his five promissory notes, aggregating $5,500, with interest thereon; none of the principal or interest being due at the date of the bankruptcy adjudication. Each of the notes contained the following provisions:

"Together with 10 per cent. thereon and upon the coupon notes thereto attached as attorney fees should this note or said coupons be placed in the hands of an attorney for collection, or suit be brought thereon. If default be made in the payment of any part of said money, either principal or interest, when the same becomes due and payable, then all of said principal and interest shall, at the option of the legal holder or holders thereof, become at once due and payable without notice."

The deed of trust gave the trustee named therein the power to sell, after prescribed notice by advertisement, the conveyed land, upon default in payment of the secured debt. After part of the land embraced in the deed of trust had been set aside to the bankrupt as exempt, the trustee applied to the referee for an order to sell the nonexempt part of the land, his petition alleging "that said nonexempt property is of value far in excess of the amount of the indebtedness against the same, and that it would be for the best interests of the estate of the bankrupt for said property to be sold at either public or private sale, free of lien." A daughter of the bankrupt, who then held one of the secured notes, and the petitioner, who then held the other four notes, were made parties to that proceeding. The petitioner, who, upon one

of the notes held by him becoming due in January, 1923, and upon demand on the bankrupt for payment being refused, declared all of said notes due and placed them in the hands of an attorney for collection, contended that he was not subject to be brought into the bankruptcy proceeding, that said nonexempt property was not subject to be sold free of liens by order of the bankruptcy court, that he was entitled to have that property sold in the manner prescribed in the deed of trust, and that, if it was sold under the order of the bankruptcy court, 10 per cent. attorney's fees should be paid out of the proceeds of the sale.

The referee, after making a finding, based upon evidence adduced, that the nonexempt property was worth in excess of the indebtedness evidenced by such notes, that it was for the best interest of the estate that such property be sold free of liens, and that the rights of the holders of said notes would not be prejudiced by such sale, ordered that such property be so sold, and that the funds resulting from such sale be held to be applied upon the indebtedness evidenced by such notes. On petition for review of the referee's order the court decided: (1) That it was proper for the petitioner and the other note holder to be made parties, and for the amount of their lien on the land to be fixed and established; (2) that the notes secured by the deed of trust not having been placed in the hands of the attorneys until after the bankruptcy adjudication, the note holders were not entitled to have established, as parts of their claims, and lien upon the land, the stipulated 10 per cent. attorney's fees; (3) that the trustee in bankruptcy was entitled to have such nonexempt land sold free of the liens of the note holders, their claims to be paid out of the proceeds of such sale; and (4) that such note holders were not entitled to have the land covered by the deed of trust sold in the manner therein provided.

[1] The existence of liens on property of a bankrupt which comes into the possession of the bankruptcy court is not an obstacle to the exercise by that court of its power to administer that property. The rights of such court to bring before it parties having or asserting claims to or liens upon such property, to order the sale of such property free of liens, and the application of proceeds of such sale to the satisfaction of liens on the property found to exist, are incidents of the power of the court to administer the bankrupt's estate. British & American Mortgage Co. v. Stuart, 210 Fed. 425, 127 C. C. A. 157; In re Franklin Brewing Co., 249 Fed. 333, 161 C. C. A. 341. The exercise by the court of the power mentioned is not subject to criticism where it is made to appear, as it was in the instant case, that there is a fair prospect of the property being sold for substantially more than enough to discharge the lien or liens upon it.

[2] The contention of the petitioner that he was entitled to have the property sold under the power contained in the deed of trust is not reconcilable with the right of the court to administer that property for the benefit of general creditors. In re Franklin Brewing Co., supra.

[3] As none of the notes was due or was placed in the hands of an attorney until after the bankruptcy adjudication, the stipulated attorney's fee was not "a fixed liability absolutely owing at the time of the filing of the petition," and therefore was not allowable against the

bankrupt's estate or payable therefrom. British & American Mortgage Co. v. Stuart, supra; Bankruptcy Act, 63a (Comp. St. § 9647). It is not material that petitioner did not seek to have the stipulated amount of attorney's fees allowed as a claim against the bankrupt's estate generally, but only asked that it be paid out of the proceeds of the sale of land embraced in the deed of trust. The effect of granting the relief sought would be to apply part of the bankrupt's estate to a claim which was not allowable against or payable out of it.

The petition is denied.