## In re MORGAN.

District Court, D. New Jersey.
April 3, 1930.

Joseph H. Carr, of Camden, N. J., for the motion.

Frank C. Propert, of Camden, N. J., opposed.

AVIS, District Judge.

On March 3, 1930, the Haddonfield Estates Company filed an involuntary petition in bankruptcy against the alleged bankrupt, William H. Morgan, setting forth that the creditors of the said alleged bankrupt were less than twelve in number, and that petitioner had a provable claim, amounting to the sum of $500 and more, in excess of securities held by petitioner, and that the alleged bankrupt committed an act of bankruptcy on November 4, 1929, by conveying certain real estate to Morgan Corporation, with intent to prefer certain creditors, and also with intent to hinder, delay, and defraud certain other of his creditors, including petitioner.

The basis of the alleged provable claim held by the Haddonfield Estates Company is asserted in the petition to be a bond, dated January 27, 1926, given by the said alleged bankrupt to petitioner to secure the payment of the principal sum of $12,500, with interest at 6 per centum per annum, which bond was secured by a certain mortgage executed by the alleged bankrupt to petitioner, bearing the same date, and covering certain lands situate in the borough of Haddonfield, county of Camden and state of New Jersey, upon

which mortgage a final decree had been entered in the court of chancery, under date of December 30, 1929, in an action for the foreclosure thereof; the decree being in the sum of $11,729. The petition further alleges that the value of the real estate described in the mortgage and covered by the decree is not over the sum of $6,000. The petition is verified as to the truth of the statements therein by S. Walter Brown, secretary, and Thomas W. Jack, vice president, of the petitioner.

The alleged bankrupt, William H. Morgan, moves to dismiss the petition, alleging, as a reason for such dismissal, that the petitioner has no provable claim against the alleged bankrupt, under the provisions of the Bankruptcy Law, 11 USCA § 95(b), asserting as a basis for the objection that the claim of the petitioner is contingent. This claim of contingency is based upon the provisions of the New Jersey statute, entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder." 3 Comp. St. N. J. 1910, p. 3420, as amended.

Briefly, this statute provides that no proceedings shall be taken upon a bond secured by mortgage until after the foreclosure of the mortgage; that, if there is any deficiency, judgment may be sued for, or entered on the bond by confession for the amount of the deficiency, which suit must be commenced, or judgment entered, within six months of the date of the sale of the mortgaged premises, and notice of the commencement of the suit, or entry of judgment, must be filed in the office of the clerk of the court of common pleas of the county in which the lands described in the mortgage are situate; that, if such judgment is entered, the former owner of the premises, the person against whom the judgment has been recovered, may redeem the property by the payment of the amount of the decree, costs, subsequent interest, and other sundry charges.

Counsel for the alleged bankrupt claims that, by reason of the provisions of this statute, the petitioner has no present claim which constitutes a fixed liability, and which was absolutely owing at the time of the filing of the petition in bankruptcy. The claim is made because of the fact that judgment cannot be entered until after sale under foreclosure; that there is no money absolutely owing by the alleged bankrupt until after sale, and the entry of judgment in accordance with the statute, and then not until the time for redemption has expired.

The petitioner claims that the bond is the original obligation, and that, the time for the payment of the money secured thereby having passed, it is a present existing debt, and that the provisions of the statute relate only to the procedure to be taken in establishing the amount due.

■ The law is well settled in New Jersey that a mortgage is not a conveyance of real estate, but simply a security for the payment of the amount due upon the bond. Marshall's Ex'rs v. Hadley, 50 N. J. Eq. 547, 25 A. 325; Stewart v. Fairchild-Baldwin Co., 91 N. J. Eq. 86, 108 A. 301. The New Jersey courts, in construing this statute, have held it to be one which relates to procedure only, and that it was not intended to abolish a well-established rule of law; that the act did not relieve the obligor of the obligations assumed by him in making the bond; that the object of the act is to compel the mortgagee to look primarily to the mortgaged premises for payment and to limit the time for suing upon the bond for deficiency to six months from the date of the sale; that all the statute attempts to do is to prescribe a new rule of practice; and that it must be strictly construed, if it be insisted that the purpose is to alter the fundamental rules of law and rights, and that the wording of the statute, title and body, clearly makes it one of procedure only. Allen v. Allen, 34 N. J. Eq. 493; Toffey v. Atcheson, 42 N. J. Eq. 182, 6 A. 885; Hill v. Hill, 95 N. J. Eq. 233, 122 A. 818, 29 A. L. R. 1242.

Title 11 USCA § 103(a)(1), provides as follows:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest. * * * *"

Under this statute I am convinced that the petitioner had a provable claim at the time of filing the petition, if the facts set forth in the petition are true. The claim of petitioner as against the alleged bankrupt estate is in the nature of a secured claim, making it a "secured creditor" for a portion of the amount due it on the bond, although the actual amount due him cannot be calculated definitely until after the sale under the foreclosure proceedings; nevertheless, in my opinion, as the records now stand the amount

due to it will be in excess of $500. The final adjudication as to the amount due the petitioner will depend upon the amount for which the property is sold under the chancery decree, if purchased by a stranger. or the actual value of the real estate, if purchased by the petitioner. In re Dix (D. C. E. D. Pa.) 176 F. 582; In re Soltmann (D. C. S. D. N. Y.) 238 F. 241; In re Isaacs (C. C. A. 2) 246 F. 820; In re Thompson (C. C. A. 3) 284 F. 65.

The filing of the petition in bankruptcy (there being no contention as to the act of bankruptcy on the part of the alleged bankrupt, nor of the claim that he was insolvent at the time of the commission of the act of bankruptcy), effected the removal into this court of all of the alleged bankrupt's property, as well as of the rights and remedies of the alleged bankrupt and his creditors. If the alleged bankrupt is finally adjudicated as such, all claims of the petitioner herein and all rights of the alleged bankrupt as to the entry of judgment, and the rights of redemption, will be removed into this court.

This view of the effect of bankruptcy proceedings under the provisions of the New Jersey statute hereinbefore referred to is thoroughly, and, I think, conclusively, disposed of in the case of Re McAusland, 235 F. 173, 188, which was decided by Judge Rellstab of this court, and wherein he said:

"If the deficiency had arisen before the intervention of bankruptcy proceedings, in order to recover the same, a suit on the bond would have been necessary under the New Jersey statute, approved March 12, 1880, entitled:

" 'An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder.' 3 N. J. Comp. Stat. p. 3420.

"The filing of the petition in bankruptcy, however, created a situation not contemplated by that statute, nor controlled by state legislation. Upon the appointment of a trustee in such proceedings, the legal title to the property at one time owned by the decedent, and subsequently by his testamentary beneficiary, passed to said trustee; and as such property was in his possession, it could only be administered by him in the bankruptcy courts. The real estate thus passing to the trustee, however, as already observed, was subject to said equitable liens in favor of decedent's creditors, and such liens were enforceable in the said court.

"Upon the presentation of the claims of decedent's creditors seeking to enforce them against said real estate or the proceeds thereof, the referee obtained jurisdiction to determine the status and merits of such claims. Under the state statute last mentioned, to recover deficiency arising on the sale of mortgaged premises, a suit on the obligors' bond would have to be brought within six months after the sale. Upon the recovery of judgment for such deficiency the sale was opened, and the judgment debtor, by paying the full amount of such mortgage debt and costs within six months after such judgment was rendered, could redeem said premises. Upon the intervention of bankruptcy proceedings the presenting of the claim for deficiency in the bankruptcy court takes the place of the suit required by the New Jersey statute, and as the one under consideration was presented within six months after such sale, the claimant is not only entitled, but constrained, if he insists upon a recovery, to have his claim for deficiency adjudicated in the bankruptcy court.

"As to the objections which go to the merits of this claim:

"First. It is contended that the mortgage creditor was required to elect either to rely on his security, or to surrender it, and file his claim for the whole amount of the debt. Under section 57, subsections 'a' and 'h,' of the Bankruptcy Act, as construed by the courts, when the trustee does not elect to redeem by paying the debt, a secured creditor, having the right to sell the security, is not required, in the first instance, to so elect, but he may sell the security and file a claim for the unpaid remainder of his debt. In re Peacock (C. C.) 178 F. 851, 24 Am. Bankr. R. 159; British & American Mortgage Co. v. Stuart, 210 F. 425, 127 C. C. A. 157, 31 Am. Bankr. R. 544. See, also, the following text-books on Bankruptcy: Collier (10th Ed.) 57e3, p. 726; Black, p. 1184; Loveland, p. 697; and Remington, p. 621. This was the course pursued by this claimant. Its mortgage was foreclosed and the proceeds of the sale credited on account of the bond and the claim filed for the remainder."

I am convinced that the petitioner at the time of filing the petition had a provable claim based upon the bond which was the original obligation, that the New Jersey statute referred to did not, and could not, make this claim a contingent one, and that the motion to dismiss the petition should be denied.

An order will be made accordingly.