Mullan vs. His Creditors.

---

### No. 9723.

### H. J. MULLAN vs. HIS CREDITORS.

Act 33 of 1870, fixing fees of appraisers in succession cases, does not apply to fees of experts in insolvencies, which are to be allowed on the basis of *quantum meruit.* Where the allowance is fair and reasonable, it will not be increased.

Tax bills in the usual forms are presumptive evidence of the assessment and of the claim.

A taxpayer cannot complain of the disparity between the bills and the assessor's certificate, where the amount on which the tax is claimed is less than that mentioned in the certificate.

Payment by preference out of the proceeds of an insolvent's movable property, of taxes on personal property, is rightfully ordered when the proceeds of such property does not include those of his real estate.

Article 177 of the Constitution dispenses from the registration of liens on movable property. The payment of taxes on personal property is secured without registry.

Prescription urged in argument will not be considered when not pleaded below or on appeal.

Objections to the allowance of interest for years previous to the existence of the debt, have no force when the date fixed is a clerical error, which might have been corrected, if found in the original judgment, by simply calling the judge's attention to it. The judgment creditor cannot insist on an interest which he has not claimed.

Attorneys' fees, stipulated in a mortgage act in case of non-payment of the debt at maturity, are due when the mortgagee is bound to employ counsel to collect his claim, and such counsel represents him in the insolvency proceedings.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

39   397
44   546
39   397
46   473
39   397
49   158
49   1077
39   397
51   1673
39   397
114   483
39   397
117   364

*W. S. Benedict* and *J. O. Nixon, Jr.*, for the Syndic.

*Nicholls & Carroll, W. H. Rogers*, City Attorney, *J. Ward Gurley, Jr.*, and *Braughn, Buck, Dinkelspiel & Hart*, for the Opponents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an appeal from a judgment amending the syndic's account.

I.

The district court allowed the experts appointed to appraise the hardware to be inventoried, the sum of $300.   While these claim that they ought to have been allowed double that amount, it is urged that they are not entitled to more than $4 per day, which would reduce the allowance by about one-third.

In support of that position, reference is made to the law of 1870, (Act No. 33, p. 66), relative to appraisers in succession matters.

That law does not apply to insolvency proceedings.   Had the legislature intended to extend its provisions to cases of insolvencies, it would have, and it has not, said so.

The present case does not come within the provisions of that act, which is simply *in pari materia.*

Besides, the appraisers, whose competency was of importance in such matter, putting an evaluation on hardware, had to be and were men of experience, specially qualified in the business, who, as a rule, are not to be renumerated at the same rate that ordinary appraisers usually are.

The services rendered may be deemed as those of experts and may be compensated on the basis of *quantum meruit.*

We think the allowance made by the district judge as fair and reasonable and will not increase it.

II.

The opposition of the city of New Orleans for taxes was properly maintained.

The syndic objects to their payment on several grounds, which relate to the form of the bills of taxes, to the mode of assessment, to the privilege allowed, to the prescription barring them.

These grounds will be considered *seriatim.*

1.   The bills are in the usual form, purporting to be made from the assessment rolls.   It has not been shown in what they are deficient.

2.   The bills are against H. J. Mullan.   It was not necessary for the city to have proved that the personal property assessed existed and had been properly listed at the time.

3.   If there be a variance between the bills and the certificate of

the assessors, as no doubt there is, to the extent of $10,000, neither the party assessed nor his creditors can complain of it, for the reason that the difference exists against the city; the bills being for that sum *less* than the amount at which the property appears to have been assessed·

4. The court allowed the taxes, to be paid by preference, out of the funds in the syndic's hands. Nothing shows that any part of the amount allowed is to be paid out of the proceeds of the *real* estate. The probability, if not the certainty, is that the taxes (if any were due) assessed on the real estate, were paid out of the proceeds of that property when title was made to the purchaser.

5th. The Constitution, Art. 177, provides that privileges on movable property shall exist without registration, for the same, except in such cases as the Legislature may prescribe.

We have been shown no legislation requiring registry to secure a lien for the payment of taxes on personal property, and we know of none. That lien therefore exists independent of any registration.

If it be contended that such privilege exists without registry only during three years and that at the expiration of that term it dies away, the answer is that, if such be the case under Article 176 of the Constitution as to taxes on *real* estate, it is not so as to taxes on *personal* property, by reason of Article 177, which dispenses from all registration as to heirs on that sort of property.

6th. The prescription of three years levelled against the taxes of 1882, in argument, does not appear to have been pleaded either below or here, and will not be considered on appeal.

7th. It is true that the judgment appealed from does not restrict the payment of the taxes to the proceeds of the *personal* property listed; but when it is considered that the property assessed and on which the taxes claimed, viz: $2792.25, yielded $24,121.60, the objection must be viewed as hardly serious.

8th. It indeed appears from the record that the judgment appealed from allows interest on the taxes of 1885 from 1880; but this must be a clerical error committed in transcribing the original judgment which could not have allowed interest from that year, for the taxes of 1885, when the opposition of the city only asks interest from 1885, and the city could claim no more. If the original judgment be erroneous in that regard, the district judge, on having his attention called, would assuredly have corrected the mistake.

### III.

The claim of the mortgage creditor for attorneys' fees incurred by him, after the maturity of the note and for services rendered to secure payment of his note, is well founded.

It was agreed by the act of mortgage that the mortgagor bound himself and his assigns to pay the holder of the note all attorneys' fees, as he may incur, in the event of the non-payment of the note at maturity.

The evidence shows, that after the sale of the mortgaged real estate, the syndic ruled the mortgagee to show cause why the inscription of his act of mortgage should not be cancelled to give a title to the purchaser.

The mortgagee was thus constrained to employ counsel to represent him and see that, if the amount went to the syndic, it would be secure in his hands. This was not a mere formality. Responsibility rested on the counsel, for which the mortgagee, under the clause, is entitled to recover the compensation, as fixed in the contract.

The record further shows that legal steps had to be, and were, taken by the counsel in the name of the mortgagee to exact payment of what remained due on the note.

The attorney took a rule to coerce payment, which afterwards was dealt with as an opposition to the account.

This Court has decided that attorneys' fees in similar cases form part of the capital. So that, where the face amount of the note only is paid, it cannot be said that the claim is satisfied. The fees of the attorney remaining unpaid have to be satisfied out of the proceeds.

Under the circumstances, the allowance was just and proper.

Judgment affirmed, with costs.