### In re GARLINGTON.

#### (District Court, N. D. Texas. June 7, 1902.)

BANKRUPTCY—PROVABLE DEBTS—COLLECTION FEE STIPULATED IN NOTE.

Under Bankr. Act 1898, § 63a, providing that "debts of a bankrupt may be proved and allowed against his estate which are (1) a fixed liability as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition," etc., attorney's fees stipulated for in a note "in case it shall be placed in the hands of an attorney for collection" cannot be proved as a part of the debt, where the note had not matured at the time of the filing of the petition in bankruptcy against the maker.

In Bankruptcy. On certificate of referee.

Coke & Coke, for claimant.

MEEK, District Judge. The referee certifies that Charles F. Garlington was adjudicated a bankrupt on his voluntary petition November 27, 1901; that among other indebtedness scheduled by the bankrupt as owing the National Exchange Bank of Dallas was an indebtedness evidenced by a promissory note, which was submitted in support of proof of claim, and reads as follows:

"Dallas, Texas, August 31, 1901.

"On the 28th day of February, 1902, without grace, I, we, or either of us, promise to pay to the order of M. N. Garlington nine thousand three hundred and seventy-five dollars, with interest at the rate of ten per cent. per

annum from maturity until paid, for value received; and further promise that, if this note is placed in the hands of an attorney for collection, to pay ten per cent. additional on the full amount due for attorney's fee. Payable at the office of the National Exchange Bank, of Dallas, Texas."

This note was secured by a mortgage upon certain real estate in the city of Dallas. It is set forth in the proof of claim that this note, together with others, was placed in the hands of attorneys for collection, and that thereby there has become due thereon, in addition to the principal and interest, 10 per cent. on the full amount of principal and interest as attorney's fees. The referee allowed the claim for $9,375, and this was declared a lien upon the mortgaged property. The claim for 10 per cent. additional as attorney's fees was disallowed, and the National Exchange Bank of Dallas asks for a review of the action of the referee in ordering such disallowance.

Chapter 7, § 63, of the bankruptcy act, reads in part as follows:

"Debts which may be proved—(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him, whether then payable or not, with interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

The debt evidenced by the note in question was proved and allowed under this provision of the act. All that was absolutely owing on this note at the time of the filing of the petition by the bankrupt was the principal. It is not shown anywhere in the record that this note was placed in the hands of an attorney for collection prior to the institution of bankruptcy proceedings. In any event, the holder thereof would have no right to mature the additional obligation of 10 per cent. for attorney's fees until after the due date of the note.

The parties, in stipulating for an attorney's fee contemplated an enforced collection of the debt from the maker through the medium of an attorney, and possibly the courts, but did not contemplate the collection of all or a part of the debt from a bankruptcy estate. The rights and equities of the owner became fixed at the institution of this proceeding by virtue of the provisions of the bankruptcy act, and he cannot, by placing this note in the hands of an attorney for collection at a subsequent date, further burden the estate of the bankrupt to the extent of 10 per cent. on the amount rendered due by the filing of the petition.

The action of the referee in disallowing the attorney's fee is affirmed.