EQUITABLE LOAN & SECURITY CO. v. R. L. MOSS & CO. et al.

(Circuit Court of Appeals, Fifth Circuit.  October 17, 1903.)

No. 1,299.

1. BANKRUPTCY—MORTGAGED PROPERTY—SURRENDER TO MORTGAGEE.

Where it appears that the entire assets of a bankrupt corporation consist of a manufacturing plant incumbered by a mortgage for more than its value, that the trustee, after diligent effort, has been unable to sell the same, either at public or private sale, for any sum near its value,

125 F.—39

and that the property is a source of expense, the court of bankruptcy should permit it to be turned over to the mortgagee, subject to the right of the trustee or general creditors to contest the validity of the mortgage, if desired, in any court having jurisdiction.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Georgia, in Bankruptcy.

H. E. W. Palmer, for petitioner.

Geo. S. Jones and Thos. F. Green, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. It appearing from the record that the Quintette Manufacturing Company, a manufacturing corporation, was adjudged an involuntary bankrupt on the 24th of October, 1902, and that all of its assets consisted of a cotton milling plant, and that the same was incumbered by a mortgage to the Equitable Loan & Security Company, executed more than four months before the filing of the petition in bankruptcy, for a sum which, with interest, amounts to about $28,000, and that the entire value of the plant does not exceed $20,000, and that the trustee, T. G. Greene, being placed in possession of the plant, has diligently endeavored, under orders of the District Court, for the past six months or longer, to sell the same, and has not been able to do so either at public or private sale, and has had no bid or offer made to him nearly equaling the amount of the incumbrance, and that it is necessary to insure the property and to employ a night watchman to guard it, and that, therefore, the property is burdensome, and without a value to the trustee for the benefit of the general creditors; and, it appearing that the interest of both parties requires a speedy disposition of this case, the court, reserving the right to file a more elaborate opinion herein, if deemed advisable, now orders, adjudges, and decrees that the petitioner is entitled to relief; that the order of the district court, of date August 10, 1903, be revised; and that the trustee is directed to release and surrender the possession of the mortgaged property, and that he no longer hold or seek to hold and control the same. Inasmuch as the attorney for the petitioner in the court below and in this court offered to pay "the taxes and the insurance premiums on the property and the hire of the night watchman," this order is made on condition that it reimburse the trustee so far as he has heretofore paid such taxes, premiums, or hire, less any amount which the trustee has received, if any, for rent of the mortgaged property; the amounts of such expenditures and receipts, if not agreed on, to be ascertained under the direction of the District Court. This decree is without prejudice to the right of the trustee or the creditors of the bankrupt to contest the validity of the mortgage by suit or otherwise in any court having jurisdiction.

The respondents R. L. Moss & Co. are taxed with the costs of this proceeding in this court and in the court below.