## In re ANDERS PUSH BUTTON TELEPHONE CO.

(District Court, S. D. New York. April 12, 1905.)

### No. 7,297.

BANKRUPTCY—COMMISSIONS OF REFEREE AND TRUSTEE—PROCEEDS OF PROPERTY SUBJECT TO LIEN.

A court of bankruptcy has no power, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], to require a creditor secured by a valid lien to pay commissions on the amount realized thereon to the trustee and referee, although by stipulation the property is sold by the trustee; the proceeds of the property, so far as necessary to satisfy the lien, being no part of the estate, from which all commissions are made payable.

In Bankruptcy. On review of order of referee.

Taylor More, for Thomas B. Crary, mortgagee.
Henry W. Sykes, for Crouch & Fitzgerald, creditors.

HOLT, District Judge. This is a petition to review an order of the referee directing a secured creditor to pay to the referee and the trustee the amount of their commissions on the secured creditor's claim. Crary, the secured creditor, loaned $5,000 to the bankrupt, and took as security, more than four months before the bankruptcy, an assignment of certain letters patent and a chattel mortgage. After the bankruptcy Crary and the trustee entered into a stipulation that the trustee should sell the assets covered by the assignment and the mortgage, the proceeds to be subject to the lien. This was done. The proceeds were more than sufficient to pay the claim, and the trustee paid it in full. Thereafter the referee made an order directing Crary to pay the commissions of the referee and trustee on the amount received by him.

I am not able to concur with the decision of the referee in this case. Crary's lien was concededly valid, and was created more than four months before the bankruptcy. The trustee, therefore, took the estate subject to the lien; and I do not see how the lienor can be deprived of the right under his lien to payment in full. The property, to the extent that it was covered by the lien, was no part of the bankrupt's estate. The theory of the cases cited by the referee (Re Coffin, 2 Am. Bankr. Rep. 348; Re Barber, 3 Am. Bankr. Rep. 306, 97 Fed. 547; and Re Sabine, 1 Am. Bankr. Rep. 322) seems to be that, if a lienor makes use of the machinery of the bankrupty court to realize on his lien, he may justly be required

to pay the referee's and trustee's commissions on the amount of his claim. These cases were all decided before the amendment of 1903, and seem to have been influenced by the fact that before that amendment no commissions were allowed, except on dividends paid. But the act makes all commissions payable out of the estate, and the estate does not include that portion of the assets necessary to satisfy a valid lien. If the lien were foreclosed in a state court, or enforced by any other legal proceedings, the necessary expenses would be added to the claim secured by the lien, and deducted from the proceeds of the sale of the property. In other words, the general estate has to pay, in any case, the proper expenses of enforcing the lien, as well as the amount due under the lien. I think, moreover, it would be a bad precedent to establish the principle that, if lienors take advantage of the machinery and officers of the bankruptcy court to realize on their lien, they must pay commissions. They should be encouraged to enforce their liens through the bankruptcy courts. If they are driven to suits to foreclose, greater delay and expense will probably be incurred. The authorities cited undoubtedly afford considerable support to the conclusion of the referee, but I think that the bankruptcy court has no power, under the act, to make any deductions from a claim secured by a valid lien.

The referee's order is reversed.