### In re FERRERI.

(District Court, E. D. Louisiana, Baton Rouge Division. June 27, 1911.)

#### No. 217.

1. BANKRUPTCY (§ 482*)—EXPENSES—FEES—BANKRUPT'S ATTORNEY.

A referee in bankruptcy is entitled, and it is his duty, to reduce the amount named for fees of the bankrupt's attorney, if such amount in the referee's opinion is too high.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 482*)—MORTGAGES—ATTORNEY'S FEES.

Where a mortgage executed by a bankrupt provided for the payment of attorney's fees of the mortgagee in case he was required to employ counsel, the mortgagee was entitled to an allowance for a reasonable attorney's fee for services required in proving the mortgagee's claim and lien against the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Joseph Ferreri. On appeal from a referee's ruling reducing fees allowed the bankrupt's attorney, and refusing to allow bankrupt's fees in connection with the payment of a mortgage on the bankrupt's property. Affirmed in part and reversed in part.

T. Jones Cross, for Provident Building & Loan Ass'n.

FOSTER, District Judge. In this matter appeal has been taken from the ruling of the referee: First, as to his action in reducing on his own motion the fee of the attorney of the bankrupt; and, second, for disallowing the claim of the Provident Building & Loan Association for attorney's fees in connection with the payment of its mortgage on the bankrupt's property.

[1] There can be no doubt that the referee has the right, and it is his duty, to reduce the amount allowed by the trustee as fees of the attorney for the bankrupt, if too much. The law provides for one reasonable attorney's fee, and the referee is by long odds in the best position to determine what is reasonable in the premises.

[2] The question as to whether or not the attorney for the mortgage creditor shall be allowed the fee stipulated in the act of mortgage seems to be well settled by the jurisprudence of Louisiana. There are a number of cases in which such fees have been denied, but in each instance it was due to the peculiar circumstances of the case. In the case of Mullan v. His Creditors, 39 La. Ann. 397, 2 South. 45, however, which was decided in the instance court by his honor, Mr. Justice Monroe, and affirmed by the Supreme Court, the court said:

"The claim of the mortgage creditor for attorney's fees incurred by him, after the maturity of the note and for services rendered to secure payment of his note, is well founded.

"It was agreed by the act of mortgage that the mortgagor bound himself and his assigns to pay the holder of the note all attorney's fees, as he may incur, in the event of the nonpayment of the notes at maturity.

"The evidence shows that, after the sale of the mortgaged real estate, the syndic ruled the mortgagee to show cause why the inscription of his act of mortgage should not be canceled to give a title to the purchaser.

"The mortgagee was thus constrained to employ counsel to represent him and see that, if the amount went to the syndic, it would be secure in his hands. This was not a mere formality. Responsibility rested on the counsel, for which the mortgagee, under the clause, is entitled to recover the compensation, as fixed in the contract."

I do not find that this decision has ever been questioned or overruled in the slightest degree, and it applies with the same force to proceedings in bankruptcy as it did to proceedings under the in-

solvent laws, as no valid title to mortgaged property can be delivered by the trustee without bringing the mortgagee into court in practically the same manner.

And it is also well settled that the attorney's fees, when due, are considered capitalized and recoverable by the mortgagee, of course, for the benefit of the attorney to whom they must ultimately be paid, and no doubt usually are.

The ruling of the referee as to the reduction of the fees allowed the attorney for the bankrupt is approved and affirmed. His ruling with regard to the fee claimed by the Provident Building & Loan Association is reversed.