---

## In re ROSE.

(District Court, E. D. Kentucky. October, 1911.)

BANKRUPTCY (§ 258*)—MORTGAGED ASSETS—SALE—DISPOSITION.

Where personalty of a bankrupt was mortgaged to its full value, $39.68, it was proper for the trustee to negotiate with the mortgagee to see if he would take the property in satisfaction of his claim, and not proper to direct him to take possession of the property and sell it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 358; Dec. Dig. § 258.*]

In the Matter of one Rose, a Bankrupt. On petition to review an order of the referee directing sale of mortgaged personalty. Reversed, with directions.

C. L. Williamson and R. A. Chiles, for trustee.

COCHRANE, District Judge. This cause is before me on petition for review filed by the trustee complaining of an order of the referee directing him to take possession of an organ covered by a mortgage for $39.68 and sell same. Theretofore the trustee had petitioned the referee for permission to reject this piece of property because same was of no greater value than the mortgage debt, and there was noth-

ing in it for the general creditors. It was upon this petition that the order complained of was made.

The referee agrees with the trustee that nothing can be made out of the organ for the general creditors, and yet orders him to sell it. He seems to have thought that the ground upon which the trustee sought to be relieved of having to sell it was that it was burdensome to him personally. But I do not so read his petition, and I do not see how it was possible for it to be burdensome to him personally. He would have been entitled to a reasonable allowance for his services and expenses payable out of the proceeds of the organ. His action, therefore, in desiring to be relieved of having to sell the organ was purely disinterested.

The claim of the trustee was that, there being nothing in the organ for general creditors, it was burdensome to the bankrupt's estate. The fact is that the real burden of the trustee's taking possession and selling it will fall on the mortgagee. The proceeds of the mortgaged property will have to bear the expense of selling it. What ought to be done is for the trustee to negotiate with the mortgagee, and see if he will not take the organ in satisfaction of his claim. I have no doubt that he will do so. In this way regard will be had for his interest, and the estate will be saved any claim to share in the funds for general distribution. If he will not take it, still the property should be rejected, for there is nothing in it for the general creditors. A sale is not essential to ascertain how much the mortgagee should be allowed to prove against the general estate. Section 57h (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides other means than conversion into money for the ascertainment of the value of the security in order to know how much the secured creditor can be allowed to prove against the general estate. I do not mean to hold that in no case is it proper for the trustee to convert into money incumbered property where the incumbrance exceeds the value of the incumbered property. I simply hold that in this case it is not proper. Regard for the interest of the mortgagee when no good will come of it to the bankrupt estate or the settlement thereof is sufficient to lead me to hold that in this case it is not proper for the trustee to take possession of the property involved here and sell it.

The order of the referee is reversed, with direction to proceed as herein indicated.