In re FABACHER.

(District Court, E. D. Louisiana. March 1, 1912.)

1. BANKRUPTCY (§ 267*)—MORTGAGES—SALE OF PROPERTY—RIGHTS OF MORT-GAGEE—INTEREST.

On sale of mortgaged land in bankruptcy for an amount exceeding the debt the mortgagee is entitled to interest up to the day of sale.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

2. BANKRUPTCY (§ 267*)—RIGHTS OF MORTGAGEE—REIMBURSEMENT FOR IN-SURANCE.

On sale of mortgaged property in bankruptcy, the mortgagee is entitled to reimbursement for insurance premiums paid, if that expenditure was authorized by the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380; Dec. Dig. § 267.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** Bankruptcy (§ 267*)—Sale of Mortgaged Property—Proceeds—Attorney's Fees.

On sale of land in bankruptcy for $4,400 for a mortgage debt of $3,960, the mortgagee was not entitled to the full 10 per cent. attorney's fee stipulated by the mortgage to be paid should it become necessary to institute legal proceedings to recover the debt, and $100 is an ample allowance, where nothing was due the mortgagee before the adjudication, and the claim was not put in an attorney's hands for collection; the only services an attorney was called upon to render being in connection with the rule to sell the property and subsequent opposition to the trustee's account.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380; Dec. Dig. § 267.*]

In the matter of Louis B. Fabacher, bankrupt. On appeal by the trustee. From an order of the referee ordering him to amend his account. Affirmed.

Claude L. Johnson, for trustee.
E. B. Ellis, for mortgage creditor.

FOSTER, District Judge. In this matter it appears that in the bankruptcy proceedings a certain piece of real estate burdened with a mortgage of $3,700 with interest, in favor of the Citizens' Homestead Association was sold by the trustee, and was bought in by the homestead company at the price of $4,400. The homestead company retained $3,960 as an offset to their claim, and the trustee placed them on his account for that amount, but they claim in addition some $411.33, apparently made up of the items of $399.60 attorney's fees and $11.73, part of an insurance premium paid by them on the property. The referee sustained the association's opposition, and ordered the trustee to amend his account to include the $411.33 claimed, and from that order the trustee has appealed.

[1] The trustee now urges that the homestead company cannot be allowed the items of attorney's fees and insurance premium, and also sets up that the homestead company is not entitled to interest from the date of adjudication in bankruptcy to the date of sale. To support this latter contention, he relies on the recent case of Sexton v. Dreyfus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244. Apparently the trustee in making out his account did so without regard to his present contention, for he not only allowed the full amount of interest claimed, but, in addition, a surplus of $5.20 for no apparent reason. Regardless of whether or not he can now raise the issue as to the payment of interest, I do not consider his contention sound. In the Sexton Case the securities sold by the lienholder did not bring enough to pay his debt in full, and he sought to prove his claim for the deficiency against the general fund. The question here presented is settled by the decision in Coder v. Arts, 152 Fed. 943, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372, affirmed by the Supreme Court, 213 U. S. 223, 39 Sup. Ct. 436, 53 L. Ed. 772, in which case the court held that, where the security is more than sufficient to pay the creditor·in full, he is entitled to his interest up to the day of sale.

[2] The homestead association is also entitled to reimbursement for insurance premiums paid, as it is an expenditure clearly authorized by the act of mortgage.

[3] With regard to the item of attorney's fees, the act of mortgage contains the following clause, which, except as to the amount stipulated, is usual in all mortgages in Louisiana, to wit:

"The purchaser binds and obligates himself. in case it should become necessary to institute legal proceedings for the recovery of the amount of said note and obligation. or any portion thereof, or any other amount which shall be due to said association, to pay the fees of the attorney employed for that purpose, which is fixed at 10 per cent. of the amount sued upon."

The trustee has cited a number of cases, all to the effect that attorney's fees cannot be allowed the mortgage creditor. And in the case of In re Roche, 101 Fed. 956, 42 C. C. A. 115, the Circuit Court of Appeals for the Fifth Circuit, through Judge Maxey, held that the legal proceedings contemplated by the contract could only be foreclosure, and the creditor is not entitled to recover attorney's fees when the property is sold in bankruptcy. But, in view of the decisions of the Supreme Court of Louisiana in analogous cases, I consider it the better rule that the mortgage creditor be allowed to recover reasonable attorney's fees. See In re Ferreri (D. C.) 188 Fed. 675. This does not mean he must necessarily recover the amount stipulated by the act of mortgage, as this provision relates solely to his remedy. The lender is usually apt to stipulate for as high a rate of attorney's fees as he possibly can in order to fully protect himself, while the borrower will no doubt agree to almost any amount of fee, having no idea at the time that he will ever be called upon to pay it. When bankruptcy intervenes, however, the rights of general creditors must be considered, and the bankruptcy court should deal with the question so that equity be done to all parties.

In this case there was nothing due the association by the bankrupt before adjudication, and the claim had not been put in an attorney's hands for collection. The only services the attorney was called upon to render were in connection with the rule to sell the property and the subsequent opposition to the trustee's account. It seems to me a fee of $100 will be ample, and the order of the referee will be amended to that extent, and, as so amended, it will be affirmed.