**SAN ANTONIO LOAN & TRUST CO. v. BOOTH (two cases). BOOTH v. SAN ANTONIO LOAN & TRUST CO. In re COLEMAN.**

(Circuit Court of Appeals, Fifth Circuit. November 20, 1924.)

Nos. 4349, 4351, 4397.

1. Bankruptcy ⬡323—Mortgagee held entitled to interest out of security until entire debt paid subsequent to mortgagor's adjudication as bankrupt.

Under Bankruptcy Act, § 67d (Comp. St. § 9651), mortgagee under mortgage executed year before mortgagor's adjudication as bankrupt was entitled to interest specified in mortgage out of security to date of payment of entire debt, though such payment was subsequent to adjudication.

2. Bankruptcy ⬡262(1)—Sale of separate tracts of bankrupt's land to highest bidder for all held properly confirmed where trustee's proposal to sell at private sale for same amount indefinite.

Sale of three tracts of land belonging to bankrupt to highest bidder for all tracts was properly confirmed, where other bid was for one tract only, and trustee proposed to sell other tracts at private sale under indefinite arrangement requiring loaning money out of assets of estate, which did not contemplate receiving higher price than bid for three tracts.

Appeal and Petitions to Superintend and Revise from the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of Thomas Atlee Coleman, bankrupt. Petition by the San Antonio Loan & Trust Company to review and revise order of district court made on petition of Frank H. Booth, trustee of the estate of Thomas Atlee Coleman, bankrupt, and petition by trustee to superintend and revise order confirming sale of mortgaged property to the San Antonio Loan & Trust Company. Appeal by the San Antonio Loan & Trust Company dismissed and its petition to revise granted, with directions. Petition of trustee to superintend and revise denied.

Leroy G. Denman, of San Antonio, Tex. (Denman, Franklin & McGown, of San Antonio, Tex., on the brief), for appellant, petitioner and respondent.

Frank Booth, of San Antonio, Tex., for appellee, respondent and petitioner.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. These three cases may be disposed of in one opinion. The San Antonio Loan & Trust Company presents for review an order of the District Court by appeal in No. 4349, and by petition to superintend and revise in No. 4351. As the question presented involves no issue.

of fact, but is purely one of law, the appeal will be dismissed and only the petition to superintend and revise will be considered.

[1] Upon application of the trustee in bankruptcy, the loan and trust company was enjoined from proceeding to foreclose a valid mortgage upon three tracts of land executed by the bankrupt more than a year before the bankruptcy adjudication, and required to intervene in the bankruptcy court, where its petition to be allowed interest, as against the lands secured by the mortgage, subsequently to the adjudication, was denied and disallowed. Whether the district court was correct in so doing is the question before us. We are of opinion that the interest as specified in the mortgage, in so far as it can be satisfied out of the loan and trust company's security, should be allowed up to the date of payment of the entire debt. Section 67d of the Bankrupt Act (Comp. St. § 9651) provides that liens given or accepted in good faith shall not be affected by bankruptcy. Coder v. Arts, 152 F. 944, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372, is directly in point, and that case was affirmed by the Supreme Court in 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, where it is said: "Nor do we think the Circuit Court of Appeals erred in holding that inasmuch as the estate was ample for that purpose, Arts was entitled to interest on his mortgage debt." There is nothing in Sexton v. Dreyfus, 219 U. S. 339, 31 S. Ct. 256, 55 L. Ed. 244, in conflict with this view. In that case the secured creditors sold their securities after bankruptcy, and finding the proceeds not enough to pay principal and interest, attempted to apply the proceeds first to the interest which had accrued after bankruptcy, then to the principal, and finally to prove for the balance. It was held by the Supreme Court that this could not be done. But here the attempt is only to be paid out of the security.

[2] In No. 4397, the trustee filed a petition to superintend and revise an order of the District Court confirming a sale of the mortgaged property to the loan and trust company, which was the highest bidder at the sale. The three tracts of land were offered separately at the sale, and a separate bid was made for one tract only; whereas, the loan and trust company's bid was for all three tracts. The trustee sought to prevent confirmation of the sale as made, by representing that he had a private offer for one of the other tracts, and could make arrangements for the sale of the third tract so that the purchase price for the three tracts

would be as much as the bid of the loan and trust company. We are of opinion that the District Court was right in confirming the sale. The trustee's proposition was indefinite, it contemplated borrowing money out of the assets of the estate to pay for one of the tracts, and in the end might not have resulted in as much money being paid, and did not contemplate that more money than the loan and trust company's bid would be paid in any event.

The petition of the San Antonio Loan & Trust Company is granted, with instructions to allow interest on its claim as indicated in this opinion.

The petition of the trustee to superintend and revise is denied.