## In re HAGIN.

District Court, Eastern District, Louisiana, New Orleans Division. July 25, 1927.

No. 3158.

1. **Bankruptcy ⬡⟹316(2)—Mortgagee held entitled to interest on claim out of security on sale after mortgagor's adjudication as bankrupt (Bankruptcy Act, § 67d [11 USCA § 107]).**

Under Bankruptcy Act, § 67d (11 USCA § 107), mortgagee was entitled to interest on its claim to date of sale after mortgagor was adjudicated a bankrupt, where security was sufficient to pay mortgage in full in accordance with terms of mortgage; section 63a (11 USCA § 103) not being applicable.

On Rehearing.

2. **Bankruptcy ⬡⟹316(2)—Mortgagee could take nothing under mortgage note providing for 10 per cent. attorney's fee in case of suit, where mortgagor was adjudicated bankrupt before maturity of note.**

Where adjudication in bankruptcy of mortgagor intervened before maturity of mortgage note, providing for 10 per cent. attorney's fee if legal proceedings became necessary for collection of note, mortgagee could take nothing under stipulation in note.

3. **Bankruptcy ⬡⟹316(2)—Local statutes, not mercantile law, determines mortgagee's right to attorney's fee, where mortgagor is adjudicated bankrupt prior to maturity of mortgage note providing for attorney's fee.**

Whether mortgagee is entitled to attorney's fee in case where mortgagor is adjudicated bankrupt before maturity of mortgage note, providing for 10 per cent. attorney's fee in case suit became necessary to collect note does not depend on mercantile law but on local statutes.

4. **Courts ⬡⟹372(4) — Interpretation of contracts in case depending on mercantile law is to be sought in general jurisprudence; courts of United States not being bound by decisions of state courts (28 USCA § 725).**

In case depending on mercantile law, true interpretation of contract and effect thereof is to be sought in general jurisprudence, and courts of United States are not bound by decisions of courts of state; Rev. St. § 721 (Comp. St. § 1538; 28 USCA § 725), not being applicable.

5. **Courts ⬡⟹363—State law is rule of decision in courts of United States in cases depending on local statutes (28 USCA § 725).**

In cases depending on local statutes, laws of state must be regarded as rules of decision in courts of United States in cases where they apply, in view of Rev. St. § 721 (Comp. St. § 1538; 28 USCA § 725).

6. **Evidence ⬡⟹29—United States courts must take judicial notice of state statutes in considering questions affecting transfers, title, etc., in cases depending on local statutes (28 USCA § 725).**

In cases depending on local statutes, courts of United States are bound to take judicial notice of state statutes in considering questions affecting transfers, title, or interest in property, laws establishing rules of property as well as rules of practice, in view of Rev. St. § 721 (Comp. St. § 1538; 28 USCA § 725).

7. **Courts ⬡⟹371(2)—Equity power of United States court cannot be exercised if result conflicts with state statutes direct and applicable to sale and mortgage drawn in accordance with state statute.**

Where act of sale and mortgage was drawn in accordance with statutory law of Louisiana, and such statutes were direct and applicable, equity power of court of United States may not be exercised if result conflicts with state statutes.

8. **Bankruptcy ⬡⟹316(2)—Mortgagee held not entitled to attorney's fee, where mortgagor was adjudicated bankrupt prior to maturity of mortgage and note executed in Louisiana (Rev. Civ. Code La. arts. 3183–3185, 3305).**

Where mortgagor was adjudicated bankrupt before maturity of mortgage and note executed in Louisiana, mortgagee's attorney's fee, which would be chargeable as cost of administration in bankrupt estate entitled to priority over all other creditors and given status of an equitable lien, cannot be allowed mortgagee, since conflicting with established rules of property in respect of which Rev. Civ. Code La. arts. 3183–3185, 3305, prohibiting such equitable lien, are direct and applicable, and since allowance would be an un-

authorized invasion of rights of general creditors to property of debtor in favor of another creditor who has no lawful cause of preference.

**9. Mortgages ⬤563—Creditors in Louisiana have direct common interest in debtor's property, to be rateably distributed except for part included in mortgage or privilege (Rev. Civ. Code La. arts. 3183–3185, 3305).**

Under Rev. Civ. Code La. arts. 3183–3185, 3305, creditors have direct common interest in property of debtor, to which or its proceeds they have right to rateable distribution, except for some part described by specific terms of mortgage or privilege, which are effective and binding on third persons only if recorded in manner provided by law.

**10. Liens ⬤7—Equitable liens are unknown in Louisiana.**

Equitable liens are unknown to Romanesque law of Louisiana.

**11. Bankruptcy ⬤20(1) — Federal jurisprudence respecting insolvents is exclusive (Bankruptcy Act [11 USCA]).**

Since the Bankruptcy Act (11 USCA), federal jurisprudence respecting insolvents has been exclusive.

**12. Bankruptcy ⬤316(2)—Attorney's fees are not allowable in bankruptcy except as authorized by statute which is impliedly written into every contract (Bankruptcy Act [11 USCA]).**

Under Bankruptcy Act (11 USCA), no fees are allowed attorneys except those authorized by statute which is impliedly written into every contract.

**13. Bankruptcy ⬤334—Mortgage creditor may disregard bankruptcy proceedings and rely on security or prove entire debt as unsecured or be admitted as creditor for balance over security and prove debt (Bankruptcy Act [11 USCA]).**

Under Bankruptcy Act (11 USCA), mortgage creditor has right to rely on his security and disregard bankruptcy proceeding, or he may abandon security and prove entire debt as unsecured, or he may be admitted only as creditor for balance remaining after deduction of value of security, and, if entering into bankruptcy proceedings, he must make proof of debt.

**14. Bankruptcy ⬤316(2)—Attorney's services are presumed not necessary for mortgagee proving debt in bankruptcy proceedings of mortgagor.**

Where mortgage creditor elects to enter into bankruptcy proceedings of mortgagor and prove his debt, presumption is that legal services on mortgagee's behalf by an attorney is not necessary therein.

**15. Bankruptcy ⬤150—Referee, trustee, and creditor in bankruptcy proceedings must determine whether bankrupt's mortgaged property has any value above secured claims or whether it is without value for general creditors.**

In bankruptcy proceedings, it is duty of referee, trustee, and creditor to determine whether mortgaged or otherwise incumbered property of bankrupt is of sufficient value to satisfy known valid secured claims, and provide surplus in which they may share, or whether property is without value to estate for benefit of general creditors and is therefore a burdensome asset.

**16. Bankruptcy ⬤150, 258—Bankrupt's mortgaged property, if exceeding value of security, should be sold by trustee, but otherwise should be released to mortgage creditor.**

Where it is determined that mortgaged property of bankrupt is of sufficient value to satisfy valid secured claims and provide surplus in which general creditors may share, trustee in bankruptcy should proceed to liquidation by sale of property, but, where it has no value above security, referee should not premit trustee to sell, but should order release of possession and control of property, enabling mortgage creditor to foreclose or otherwise proceed legally.

**17. Bankruptcy ⬤474—Commissions are payable out of general estate, where bankrupt's mortgaged property is retained for benefit of general creditors (Bankruptcy Act [11 USCA]).**

Where mortgaged property of bankrupt is retained for administration for benefit of general creditors, Bankruptcy Act (11 USCA) makes all commissions payable out of general estate.

**18. Bankruptcy ⬤474—If mortgaged property is sold free from liens for less than mortgage debt, mortgagee must contribute to general fund amount equal to cost of proceedings in state court.**

Since mortgage can only be enforced in Louisiana by judicial proceedings, trustee, if authorized by creditors or by error of judgment as to value or by acquiescence or consent of mortgagee, sells property free of liens for less than mortgage debt, and mortgagee must contribute to general fund in amount sufficient to approximate what proceedings might cost in state courts as distinguished from costs of administration of general estate.

**19. Bankruptcy ⬤316(2)—Neither secured nor unsecured creditors need employ attorney in bankruptcy proceedings except when validity of particular claim is attacked, in which case particular creditor pays for attorney's services (Bankruptcy Act [11 USCA]).**

Since trustee administers mortgaged property of bankrupt for benefit of secured as well as unsecured creditors, there is no necessity for employment of attorney by either class of creditors under Bankruptcy Act (11 USCA), except when validity of particular claim is attacked, or its rank disputed, in which case particular creditor elects to employ attorney and pay for his services in usual course.

In Bankruptcy. In the matter of James E. Hagin, bankrupt. On petition by E. A. Carrere Sons for review of referee's order allowing the Phœnix Building & Homestead Association, holder of first mortgage, interest on its claim to date of sale, and certain other allowances and attorney's fees. Referee's or-

der confirmed in part, and reversed, vacated, and set aside in part.

See, also, 21 F.(2d) 433.

James G. Schillin, of New Orleans, La., for petitioners.

D. H. Theard, of New Orleans, La., for mortgagee.

BURNS, District Judge. [1] Petitioners for review, E. A. Carrere Sons, complain of error in an order of the referee dated June 14, 1927, in that the referee allowed the Phœnix Building & Homestead Association, holder of a first mortgage, interest on its claim up to date of sale, and beyond the date of adjudication, together with certain fines and penalties assessed by the said homestead association, according to its by-laws, pursuant to the act of mortgage, after the date of adjudication, and attorney's fees up to $400.

Petitioner is the holder of a second mortgage, which cannot be paid in full because, while the security, consisting of real estate, sold for more than enough to pay the first mortgage, the overplus is not enough to pay petitioner in full. Hence this review.

Petitioner contends that no attorney's fees should be allowed, although stipulated for in the mortgage, because the mortgage was not due or exigible at the time of adjudication; that no suit by the mortgagee was necessary, and that the trustee made the sale; that such expenses are not provable or dischargeable in bankruptcy—citing section 63a of the Bankruptcy Act (11 USCA § 103); A. G. Gugel, Trustee, v. N. O. Bank (5 C. C. A.) 239 F. 676, 39 Am. Bankr. Rep. 161; In re Roche (5 C. C. A.) 101 F. 956; British & A. M. Co. v. Stuart (5 C. C. A.) 210 F. 425, 31 Am. Bankr. Rep. 465, and several other cases to the effect that such attorney's fees are not provable debts.

My conclusion is that section 63a has no bearing on the question. Section 67d (11 USCA § 107) applies. The vendor's lien and first mortgage before the court in this case is not attacked for invalidity. It is settled law that interest is to be computed on the mortgage up to the date of sale, where the security brings sufficient by its sale to pay the mortgage in full, in accordance with the terms of the mortgage, and that attorney's fees are allowable to the mortgagee in a reasonable amount, commensurate with the service rendered in the bankruptcy court. Such allowances do not depend upon or arise out of the contractual or conventional stipulation in the note and mortgage. Coder v. Arts (8 C. C. A.) 152 F. 943, 15 L. R. A.

(N. S.) 372; affirmed in 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; San Antonio Loan & Trust Co. v. Booth (5 C. C. A.) 2 F.(2d) 590; In re Fabacher (D. C.) 193 F. 556, 27 Am. Bankr. Rep. 534; Remington, §§ 921, 2615; In re Torchia (D. C.) 185 F. 576.

The order of the referee discloses no error. The petition for review is denied. A decree may be entered, affirming the referee's order.

### On Rehearing.

Upon the original submission of the petition for review, an opinion was filed sustaining the referee's order allowing an attorney fee of $400 to the first mortgage creditor, in accordance with a rule established in this district since 1911, when the cases of In re Ferreri, 188 F. 675, and In re Fabacher, 193 F. 556, were decided, and in which, upon equitable considerations, such fees were allowed, notwithstanding it was held that the mortgagee was not entitled to the 10 per cent. stipulated for in the act of mortgage, because the debt had not matured before adjudication in bankruptcy, and the mortgage note had not been placed in the hands of an attorney for legal proceedings. The conclusion was reached that a reasonable attorney's fee might be allowed the mortgage creditors upon the theory that certain decisions of the Supreme Court of Louisiana prior to the Bankruptcy Act of 1898 (11 USCA), notably H. J. Mullan v. His Creditors, 39 La. Ann. 397, 2 So. 45, were analogous. In that case the stipulated 10 per cent. was allowed in full, although the property securing the mortgage was sold by a syndic for the creditors, under the then subsisting insolvent laws of the state.

Since then the Circuit Court of Appeals for the Fifth Circuit has ruled that such stipulations should be strictly construed, in a case where the stipulation was identical with that under consideration. It reads as follows:

"The purchaser moreover agrees and binds himself, in case it should become necessary to institute suit for the recovery of the amount of said note or any part thereof, to pay fees of the attorney, who may be employed for that purpose, which fees are hereby fixed at 10 per cent. of the amount sued for."

The Court of Appeals held:

"As to the right of the first mortgagee to be allowed an attorney's fee of 10 per cent., as provided in his mortgage note, it is sufficient to say that in our opinion the occasion which called that provision into effect had not arisen under the facts in this case when the petition in bankruptcy was filed, since there

were no legal proceedings instituted on the note or mortgage before the petition in bankruptcy was filed or thereafter. The sale free from liens in the bankruptcy court was not the equivalent, in this respect, of a foreclosure by the mortgagee of the mortgage lien. Merely placing the note in an attorney's hands did not fix the liability, which, as we construed the terms of the note, depended upon the rendition of legal services. The case of In re Roche, 101 F. 956, 42 C. C. A. 115, decided by this court, supports our conclusion." Gugel v. New Orleans National Bank (C. C. A.) 239 F. 676, 680. A stipulated, reasonable fee of $200 had been allowed in that case which was not in contest on review before the Circuit Court of Appeals.

[2] In the instant case, the adjudication likewise intervened before the maturity of the mortgage note, and the occasion which called the stipulation for a 10 per cent. attorney's fee into effect has not arisen. Under the circumstances, which are identical with those in the Gugel Case, the mortgagee can take nothing under or by virtue of the stipulation in its contract. See, also, British & American Mortgage Co. v. George Stewart (C. C. A.) 31 Am. Bankr. Rep. 465, 210 F. 425; In re Jenkins (D. C.) 27 Am. Bankr. Rep. 860, 192 F. 1000; In re Garlington (D. C.) 8 Am. Bankr. Rep. 602, 115 F. 999; British & American Mortgage Co. v. Stuart (C. C. A.) 210 F. 425.

The contention for an allowance of attorney's fees such as was made in the Ferreri and Fabacher Cases, independent of the contract, upon alleged equitable considerations, and upon quantum meruit principles, is strenuously opposed by the petitioner for review, who holds a second mortgage. In addition to the above decided cases, the fact is emphasized that the Bankruptcy Act authorizes no payment of fees to attorneys for either secured or unsecured creditors, and therefore that this court has no authority to allow same. It is taken as significant that in the Ferreri and Fabacher Cases Judge Foster conceded that the decision of the Louisiana Supreme Court in the Mullane Case, where the full stipulated 10 per cent. was allowed, was merely analogous, although he considered it sufficient to sustain his exertion of the equity powers of this court.

[3, 4] The question does not depend upon mercantile law, but upon local statutes. In cases depending upon mercantile law, the true interpretation of contracts or other instruments of a commercial nature and the effects thereof are to be sought in the general jurisprudence, and the courts of the United States are not bound by the decisions of the courts of the state. R. S. 721, does not apply. Mechanics' American National Bank v. Coleman (C. C. A.) 204 F. 29, citing Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359, and Liverpool & G. W. S. Co. v. Phenix Ins. Co., 129 U. S. 397, 9 S. Ct. 469, 32 L. Ed. 788.

[5, 6] In cases depending upon local statutes, however, the laws of the state must be regarded as rules of decision in the courts of the United States in cases where they apply. The courts of the United States are bound to take judicial notice of such statutes in considering questions affecting transfers, title, or interest in property respecting laws establishing rules of property as well as rules of practice. See R. S. 721, as section 1538, U. S. Comp. Stat. Ann., particularly the citations of authorities thereunder in footnotes 12, 14, 15, 19, and 24.

[7] The act of sale and mortgage in this case is drawn in accordance with the statutory law of Louisiana, and, where such statutes are direct and applicable, the equity power of a court of the United States may not be exercised if the result conflicts with such statutes. Eaton on Equity, pp. 47, 48.

[8] I am persuaded that, since an allowance of such fees is chargeable as a cost of administration in the bankrupt estate, and is therefore entitled to priority over all other creditors, it is given the quality or status of an equitable lien, thereby conflicting with a well-established rule of property, in respect of which the laws of the state are direct and applicable.

[9, 10] Equitable liens are unknown to the Romanesque law of Louisiana. Creditors generally have a direct common interest in the property of the debtor to which, or its proceeds, they have a right to a ratable distribution, except only for that part distinctly described and defined by the specific terms of a mortgage or a privilege. These are effective and binding on third persons only if and when recorded in the manner and at the time expressly provided by law, and not otherwise. The following articles of the Louisiana Revised Civil Code are direct and applicable:

Article 3183: "The property of the debtor is the common pledge of his creditors, and the proceeds of its sale must be distributed among them ratably, unless there exists among the creditors some lawful causes of preference."

Article 3184: "Lawful causes of preference are privilege and mortgages."

Article 3185: "Privilege can be claimed only for those debts to which it is expressly granted in this Code."

Article 3305 reads in part: "A conventional mortgage can only be contracted by an act passed in presence of a notary and two witnesses, or by an act under private signature. No proof can be admitted of a verbal mortgage. * * * All such mortgages or hypothecations must be recorded.. * * * "

Article 19, § 19, of the Constitution of Louisiana (1921) reads in part: "No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law. * * * "

In view of these statutes, such an allowance seems clearly an unauthorized invasion of the rights of the general creditors in and to the property of their debtor, in favor of another creditor who has no lawful cause of preference; that is, no privilege or mortgage, quoad such allowance.

In Mullan v. His Creditors, supra, the Louisiana Supreme Court was administering an insolvent's property in the absence of a federal statute, under a system then subsisting in the state for the liquidation of insolvent estates, which was suspended and superceded by the Federal Bankruptcy Act of 1898. That court considered, particularly, the necessity for the employment of an attorney by the mortgage creditor, and the nature of the services required of him and rendered by him in proceedings under those laws. The stipulation in the act of mortgage respecting attorneys' fees was likewise considered in view of those laws which were impliedly written into the contract. It is significant, too, that the contract was enforced strictly in accordance with its terms. It was found, to paraphrase Judge Grubb in the Gugel Case, that the occasion which called the stipulation for a 10 per cent. attorneys' fee into effect had arisen under the facts in the case, and it enforced the contract in strict accordance with its terms.

[11–13] There was no allowance of attorneys' fees upon a quantum meruit or upon equitable considerations. Since the Bankruptcy Act of 1898, which suspended the insolvency laws of the state, no such cases have been decided in the state courts. Since then the federal jurisprudence respecting insolvents has been exclusive. The federal courts are charged with the administration of the Bankruptcy Act, designed primarily for uniformity in the liquidation of insolvent estates. There too it appears that such contracts are enforced in strict accordance with their terms. No fees are allowed except those authorized by the statute, which is likewise impliedly written into every contract. The mortgage creditor has a right to rely on his security and disregard the bankruptcy proceeding. He may abandon it and prove the whole debt as unsecured or he may be admitted only as a creditor for the balance remaining after the deduction of the value of the security. In the two last cases, of course, he must make proof of debt, but there is nothing in the law to compel him into the proceeding. Black on Bankruptcy (1st Ed.) § 566, p. 1196.

[14] The presumption is therefore that legal service on the mortgagee's behalf by an attorney at law is not necessary therein.

[15] It is the duty of the referee and the trustee and the creditors in meeting to determine whether the mortgaged or otherwise incumbered property of the bankrupt is of sufficient value to satisfy the known, valid, secured claims, and provide a surplus or equity in which they may share, or whether it is without value to the estate for the benefit of the general creditors, and is therefore an onerous or burdensome asset. Equitable Loan & Security Co. v. R. L. Moss & Co., 125 F. 609 (5 C. C. A.); In re Harralson, 179 F. 490, 29 L. R. A. (N. S.) 737 (8 C. C. A.); In re Rose (D. C.) 193 F. 815.

[16–18] In the first case, the trustee should proceed to liquidation by sale of the property. In the second, the referee should not permit the trustee to do so, but should order him to release and surrender possession and control, thus enabling the mortgage creditor to foreclose or otherwise proceed legally in the proper court. Where the property is retained for administration for the benefit of the general creditors, the act makes all commissions payable out of the general estate. In re Huggins (C. C. A.) 24 Am. Bankr. Rep. 715, 179 F. 490; In re Goldsmith (D. C.) 9 Am. Bankr. Rep. 419, 118 F. 763; Smith v. Township of Au Gres (C. C. A.) 17 Am. Bankr. Rep. 745, 150 F. 257; In re Anders Push Button Tel. Co. (D. C.) 136 F. 995, 13 Am. Bankr. Rep. 643; Mills, Trustee v. Virginia Carolina Lumber Co. (C. C. A.) 20 Am. Bankr. Rep. 750, 164 F. 168; Black (1st Ed.) § 320, p. 760; Collier (6th Ed.) par. 70, p. 604; C. J. vol. 7, § 228, p. 136; Dushane v. Beall, 161 U. S. 513, 16 S. Ct. 637, 40 L. Ed. 791. It is a rule in this district that, since a mortgage can only be en-

forced in Louisiana by judicial proceedings, if the trustee is authorized by the creditors, or by error of judgment as to value, or by the acquiescence or consent of the mortgagee, the incumbered property is sold free of liens and incumbrances for less than the mortgage debt, the mortgagee is bound to contribute to the general fund an amount sufficient to approximate what such proceedings might cost in the state courts, but these are distinguished from the costs of administration of the general estate. In re Zehner (D. C.) 193 F. 787; In re Stuart (D. C.) 193 F. 791; Gugel v. New Orleans National Bank, 239 F. 679 (5 C. C. A.), citing In re Williams (9 C. C. A.) 156 F. 934.

[19] Since the trustee administers for the benefit of secured as well as unsecured creditors, there is no necessity for the employment of an attorney by either class of creditors under the statute, except if and when the validity of a particular claim is attacked, or its rank disputed, in which case the particular creditor elects to employ an attorney and pay for his services in the usual course. In British and American Mortgage Co. v. Stuart, cited supra, at page 428, it was held specifically that such debts for attorneys' fees, incurred by a mortgage creditor after the filing of the petition, even where stipulated for, were not provable in bankruptcy under section 63a, because none postdating the petition in bankruptcy are affected by the discharge—citing Collier (8th Ed.) 312; sections 17–70, Bankruptcy Act, McCabe v. Patton (C. C. A.) 174 F. 217; and numerous other cases, including In re Roche, cited supra.

The opinion filed July 25, 1927, is to be taken as amended accordingly, and a final decree entered confirming the referee's order in part, and reversing, vacating, and setting it aside in so far as it allows an attorney's fee of $400 to the first mortgage creditor.