## PHŒNIX BLDG. & HOMESTEAD ASS'N v. E. A. CARRERE'S SONS.

Circuit Court of Appeals, Fifth Circuit.
July 13, 1929.

Rehearing Denied August 19, 1929.

No. 5266.

Delvaille H. Theard, of New Orleans, La., for appellant.

Jas. G. Schillin, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree in bankruptcy which disallowed a claim of the appellant homestead association to an attorney's fee according to the terms of a mortgage which it held against the bankrupt.

Appellant's mortgage was dated May 15, 1926, and was a first lien upon a lot in the city of New Orleans, which was taken possession of by the trustee in bankruptcy on June 30, 1926, upon the mortgagor being adjudged a bankrupt, and was afterwards sold free of liens. There were a second mortgage and other claims, which were asserted as liens, that accrued subsequently to the lien of appellant. The bankrupt's mortgage to appellant provided for the payment of an attorney's fee of 10 per cent. of the amount sued for "in case it should become necessary to institute suit for the recovery of the amount of said [mortgage] note or any part thereof," and also provided that, in the event the mortgagor became bankrupt, his indebtedness should immediately mature. That mortgage was not in default at the date the petition in bankruptcy was filed, and no suit was brought by appellant to enforce any of its provisions.

After the sale of the property in the bankruptcy court free of liens, appellant filed a petition by which it sought to have the proceeds of sale applied first to the satisfaction of its lien. The property did not sell for enough to satisfy the liens of both the first and second mortgages, and in its petition appellant prayed that the holder of the second mortgage and the claimants of other inferior liens be cited to show cause why the first mortgage should not be paid in full. A hear-

ing was held, and appellant was allowed the principal and interest upon its mortgage to date of payment, but its claim for an attorney's fee was disallowed, in an opinion by the District Court. 21 F.(2d) 434.

■■■ The provision of the mortgage accelerating its due date in the event of bankruptcy did not have the effect of creating a liability for an attorney's fee, since the payment of such fee was dependent upon the necessity for the institution of suit. It does not appear that the necessity for suit arose merely because the bankruptcy court took possession of the property, sold it free of liens, and was under a duty to apply the proceeds in satisfaction of appellant's lien. It is not open to serious question that the first mortgage should have been paid in full before any proceeds were available for payment on the second mortgage. It was doubtless an act of prudence on the part of the first mortgagee to have counsel apply to the bankruptcy court for the allowance of its debt as a first lien; but that act was not the equivalent of a suit, and it is unreasonable to suppose that the District Court would in any event have given preference to the second mortgage, or to any other subsequent and inferior lien.

In People's Homestead Association v. Bartlette, 33 F.(2d) 561, this day decided, we upheld a claim for an attorney's fee on certain interest, that was disallowed by the District Court, on the ground that the mortgage creditor was obliged to come into court to collect it; but that does not appear to have been necessary in this case. In other respects the claims for attorney's fees in the two cases are practically the same, and it follows, from our opinion in the case just above referred to, that it was not error to refuse to allow an attorney's fee in this case.

The order appealed from is affirmed.