**In re ALPINE PETROLEUM CORPORATION.**

No. 40903.

District Court, E. D. New York.

Oct. 27, 1941.

David M. Engelson, of New York City, for petitioners.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine, Bernard H. Sherris, and Murray M. Weinstein, all of New York City, of counsel), for City of New York.

Lotterman & Tepper, of New York City, for trustee.

MOSCOWITZ, District Judge.

These are two motions: One, by the Melrose Credit Union requesting this Court to adjudicate that its two chattel mortgages covering certain personal property are valid; and the other, by the Bronx Credit Union requesting this Court to adjudicate that its two chattel mortgages covering certain personal property are valid.

The Alpine Petroleum Corporation, the debtor herein, was the owner of sixteen trucks. Each of the four chattel mortgages are claimed to be a lien on four of these trucks.

The Melrose Credit Union and the Bronx Credit Union each filed a petition for leave to take possession and to foreclose its mortgages. By consent of the parties the chattels covered by the said mortgages were sold and the proceeds are being held by the Trustee, subject to the lien of the mortgages and subject to the further order of the Court.

Both of the mortgagees Melrose Credit Union and Bronx Credit Union were organized under the Banking Law of the State of New York and are known as Credit Unions. Pursuant to Section 453 of the Banking Law, Credit Unions have the power to lend money to their members upon such terms and conditions as the By-Laws provide and as the Credit Committee shall approve, at an interest charge not exceeding 1% per month, or, in the alternative, to deduct interest in advance of loans at a rate not exceeding 6% per annum. Section 454 of the Banking Law provides that a Credit Union may accept as security, in addition to an endorsed note, a chattel mortgage or an assignment thereof.

■ The Alpine Petroleum Corporation, the debtor, was not a member of the Credit Unions and could not be under the Banking Law as it was a corporation. What happened is, that the parties to this transaction resorted to subterfuge. The Credit Unions arranged to make a loan to the Alpine Petroleum Corporation and in an attempt to evade the provisions of the Banking Law, Charles Richel and Anna Richel, the sole owners of all the outstanding capital stock of the Alpine Petroleum Corporation, on February 3, 1941 each became a shareholder in Melrose Credit Union and Bronx Credit Union in the sum of $100 each and on February 4, 1941, Charles Richel made a written application to Melrose Credit Union for a loan of $2,000 to be repaid in weekly installments of $26.66 each. The chattel mortgages were each executed by the Alpine Petroleum Corporation to the Melrose Credit Union and the Bronx Credit Union. The debtor received the money represented by the mortgages not by checks drawn directly by Melrose Credit Union and Bronx Credit Union to said Charles Richel and Anna Richel, but by two checks one made to Charles Richel and the other to Anna Richel which were deposited in the bank account of the Alpine Petroleum Corporation.

Even if the loans were made by the Credit Unions to non-members of the Credit Unions, Section 478 of the Banking Law of the State of New York provides that "the amount thus illegally loaned, and the illegality of such a loan shall be no defense in any action by the corporation to recover the amount lent." It is therefore decided that the mortgages are valid.

■ There remains one further question to be considered, namely, the date to which interest is to be allowed to the Credit Unions on their mortgages. It is the position of the City of New York that interest is to be allowed as part of the secured claim only up to the date of the sale of the security. In support of this contention In re Hagin, D.C., 21 F.2d 434, affirmed sub

nomine Phoenix Building & Homestead Association v. E. A. Carrere's Sons, 5 Cir., 33 F.2d 563, 564, certiorari denied 281 U.S. 726, 50 S.Ct. 240, 74 L.Ed. 1143, is cited. A careful examination of that decision clearly indicates that it is not authority for the proposition which the City urges, and merely concerns the right to an attorney's fee. In fact, the opinion of the Circuit Court of Appeals expressly states "appellant was allowed the principal and interest upon its mortgage to date of payment, but its claim for an attorney's fee was disallowed, in an opinion by the District Court." The case therefore would appear to support the position of the Credit Unions that they are entitled to interest to the date of payment, as a secured claim. This position, moreover, appears to find ample support in the authorities. The Circuit Court of Appeals of this Circuit in Re Gotham Can Co., 2 Cir., 48 F.2d 540, 542 has stated: "It was never suggested that he could not pay interest accruing up to the very date of payment out of the proceeds of the collateral if he might thus satisfy his entire claim. That he may do this has frequently been held * * *." Among such cases may be cited Coder v. Arts, 8 Cir., 152 F. 943, 15 L.R.A.,N.S., 372; San Antonio Loan & Trust Co. v. Booth, 5 Cir., 2 F.2d 590; and Board of Commissioners of Sweetwater County, Wyoming v. Bernardin, 10 Cir., 74 F.2d 809, certiorari denied 295 U.S. 731, 55 S.Ct. 645, 79 L.Ed. 1680.

Settle order on notice.